JOHN and NANCY GRÉGORY v. FEREBEE GREGORY.

A, B and C are .tenants in common of a tract of land; C dies in debt, and his widow becomes his administratrix. A and B filed their petition for a partition of the land into three parts: *Held,* that the widow of C, being entitled to dower, and also as representing the creditors of C, was a necessary party to such petition, both as widow and as administratrix.

The widow, but being the representative of her husband, who has no exclusive or superior right to any particular portion of the land to be divided, has no right to have any particular part of such land assigned to her as dower.

In a petition for partition of a tract of land consisting of twelve and three-fourths acres, worth $199.40; the commissioners appointed for the purpose, having divided the tract into three parts, worth respectively, the dwelling house share, $144.15, and the two others, $34 and $21.25: *Held,* in such case an actual partition with a reasonable equality of values could not be made without impairing the value of some of the shares, and that the Court ought to have ordered the land to be sold for an equal division.

CIVIL ACTION, petition for partition, to the Probate Court of PASQUOTANK county, submitted to *Albertson, J.,* and by him determined, 14th day of January, 1873, upon the following facts agreed:

Ferebee Gregory died intestate, leaving three children, to-wit: Hosea Gregory, and the petitioners, John and Nancy. She left no estate except twelve and three-fourths acres of

land upon which she resided, which land descended to her children.

Sometime after the death of his mother, Hosea died intestate, leaving a widow, but no children. At the time of death he was greatly in debt; he left no estate except his interest in the lot above mentioned.

John and Nancy filed a petition for partition, and commissioners were appointed by the Court, who went upon the land and divided it into three parts of four and one-fourth acres each; upon one of the lots were all the buildings, and this was valued at $144.15, another lot was valued at $34, and the third lot at $21.25. The commissioners then caused the lots to be drawn for, when the $34 share was drawn for Hosea; the $21.25 share for John, and the share with the dwelling and out-houses, valued at $144.75 was drawn for Nancy, the more valuable dividend being charged with amounts to be paid to the shares of less value, to make equality of partition. The commissioners so reported, and the attorney for the petitioner moved for a confirmation of the report; upon which exceptions were taken by the widow of Hosea Gregory, through her counsel, assigning for cause:

1. That actual partition of said estate could not be made equitably.

2. That the children by a former marriage, who were minors without guardian, were creditors of the said Hosea, and that as such, they ought to be represented in this proceeding.

3. That if partition could be made by this manner of proceeding, the shares ought to have been allowed by the commissioners, and that share with the dwelling and out-buildings upon it ought to have been set apart to her, as the widow of said Hosea; and that having such an interest she ought to have been a party in the proceeding.

The clerk refused to confirm the report, and the petitioners appealed. Afterwards, the widow applied for and ob-

tained letters of administration upon the estate of her husband, the said Hosea, when she made further exceptions to the confirmation of the said report, for the cause that the creditors generally of the said Hosea should be represented in a proceeding for partition of lands in which said Hosea had an interest in common with others.

His Honor being of opinion with the petitioners, reversed the judgment of the clerk, and confirmed the report of the commissioners.

From this judgment, Ferebee Gregory, the widow and administratrix of Hosea Gregory, appealed.

No counsel in this Court for appellant.

*Smith & Strong*, for petitioner, submitted the following brief:

1. The whole legal title in the tract is in the petitioners alone, and in a proceeding for partition between them, no one can become a party thereto.

2. As this proceeding is only at the instance of the two tenants in common, the partition is only affectual as between them, and does not affect other interests in the subject matter.

3. The widow is not entitled to dower in that part of the tract containing the buildings. She is entitled to the dwelling only in a proceeding between herself and her husband's heirs or devisees, where the land on which they stand belonged to her husband. She is only entitled to one-third for life of the unascertained share of her husband. And if she may, in asserting this claim, treat the land as held in common, notwithstanding the partition, as to her right of dower, she cannot interfere in a proceeding which is solely for a division among them in whom the legal title rests.

4. The administrator has not, nor have creditors any interests in the real estate such as to prevent the heirs from

making a division between them, and this they may do by executing deeds between them, or by partition.

5. The administrator may procure license to sell to pay his intestate's debts, and though a partition meanwhile may be made by tenants, the administrator has no such right, before applying for such license, to interfere with the proceeding.

6. It may be that neither the widow, in respect to her claim for dower, or homestead, nor the administrator, in respect to obtaining license, are affected by the result of the proceeding for partition, and may treat the entire land as still in common, in getting the share and value of the intestate's part, still it is plain they have no legal ground on which to interfere in the proceeding.

RODMAN, J. The principles governing this case are plain and familiar; the only difficulty is in applying them to an unusual state of facts:

1. Upon the death of Hosea Gregory, his estate in one undivided third of the land descended to his heirs—John and Nancy, the surviving co-tenants and the plaintiffs in this proceeding, who thus became sole seized. Their counsel contends that because the widow and administrator of Hosea had no *estates* in the land, the widow who united both characters in herself, was improperly made a party. He also contends that inasmuch as the two plaintiffs were thus exclusively "*domini litis,*" they were entitled by the aid and ministry of the Court to make any such partition as they could make by deeds *inter se*. That a partition so made and sanctioned by the Court would affect no persons not parties. This proposition assumes that a Court in an action concerning property will look only to estates in the property, and not to any rights or interests which are not estates. This may in general be true where the persons having the estates may fairly be considered to represent all the rights

.and interests affecting them. So in suits respecting the personal property of a decedent, the administrator is generally deemed a sufficient representative of the creditors :and distributees of the deceased. In an action by a widow for divorce, the heirs or other terre tenants are deemed sufficiently to represent the creditors of the deceased. But in all such cases, whenever it appears (as it did in the present) that the supposed representative has an interest adverse to that which he represents, the real party in interest may demand to be made a party.

Such was always the rule in equity, though not at law. Hence, although a judgment for partition among the heirs of a decedent, if it appears to have been made by fraud and collusion to injure his estate, will be set aside at the instance ·of his widow and creditors; yet *prima facie* it is valid, and would be confirmed by their acquiescence.

To diminish litigation by preventing the necessity of a second action to set aside the first judgment, and to adjust .and determine all interests in the subject matter by a single suit, as far as may conveniently be done, the C. C. P., sec. ·61, 62, requires or permits all persons having *interests* to be made parties. In our opinion the widow was properly made .a party in both her characters.

2. Assuming that the land was capable of an actual partition, without injury to the interest of any party, as it probably would have been if there had been no building on it, to give a greatly disproportionate value to the part on ·which it stood; then the partition into three equal parts would have been proper. The assignment of those parts by lot would also have been proper. The claim of the ·widow of Hosea to have the part on which the house is, ·assigned as his share of the estate, in order that she may have the house assigned to her in her dower, cannot be maintained. Her husband was not sole seized of the house, ·nor did he have any exclusive or superior right to it on a

partition in his life time.   As his doweress she is *pro tanto* his representative, and cannot have any greater rights than he had.   Her right is to one-third of the value of her husband's third for her life.

3. The principal question is, whether the Court below should not have held that under the circumstances, an actual partition could not be made  without injury to some or all of the parties interested, and upon that ground have ordered a sale for partition.

Every co-tenant is entitled of right to an actual partition, if it can be made without injury to some  or all of the parties interested.   The presumption in every case is, that it can be so made until the contrary appears.   When the contrary does appear, it is the duty of the Court to order a sale. Acts 1868–'69, ch. 122, sec. 13, p. 314.

The area of the land in question is twelve and three-fourths acres.   The value of the whole as reported by the commissioners who made the partition is $199.40.   If divided into three parts of equal area, that share on which the buildings stand would be worth $144.15, and the other shares respectively, $34 and $21.26.   An equal share in value would be $66.46.

We do not mean to say that as an universal or even as a general rule, the fact that land cannot be divided into lots of equal area and nearly equal values, is a sufficient reason for a sale.   Equality of area may generally be disregarded if a reasonable approximation to equality in value can be attained.   But if, as in the present case, no reasonable approximation to an equality of values can be attained without cutting up a dwelling, only large enough for the moderate accommodation of one family, between two or more persons, it is a strong reason against an actual partition, and in favor of a sale.   Neither can it be said that anything like an exact equality of value of shares is necessary on an actual partition.   The extent to which a variance from ex-

act equality is reasonable and allowable and will not amount to a controlling argument for sale, will depend on the circumstances of each case, and no definite rule can be laid down. This observation, however, may be useful; if one share be very greatly in excess of another, the assignee of the most valuable share is compelled in effect to buy it at an arbitrary and perhaps an extravagant valuation, while the assignee of the least valuable share is compelled to sell a considerable part of his estate at a value perhaps greatly inferior to its true one. To avoid the hazard of such evils the Legislature give the Courts a power to order a sale in proper cases.

In the present case, an actual partition with a reasonable equality of values cannot be made without dividing the dwelling, and thus impairing its value. An actual partition in which there is a gross inequality of values, is generally injurious to some party. In the partition made in this case the assignee of the most valuable share would receive in land two and one-fifth times his equal share, and the assignee of the least valuable share would receive in land less than one-third of his equal share. We are of opinion that an actual partition would be injurious, and that an order of sale is proper. After a sale of the whole land, the widow of Hosea may have dower assigned her out of his one-third, as provided for in the Act of 1868–'69, chap. 122, sec. 18, and the residue of that third, (which may include the value of the reversion after the widow's dower,) will go to his administrator, to be administered in the usual course. Judgment reversed. An order may be drawn in conformity with this opinion ; or if the parties prefer, the case may be remanded to the Superior Court of Pasquotank, to be there proceeded in according to law.

PER CURIAM.                                Judgment reversed.