ALLARD & a. *v.* CARLETON.

For the purpose of making partition of a spring and aqueduct owned in common by several persons, a sale of the whole may be ordered by a court of equity, although the right of one of the owners has become appurtenant to his other real estate.

BILL IN EQUITY, praying for partition of a spring and aqueduct leading thereto, owned in common by the plaintiffs and the defendant. Facts found by a referee.

There is no practicable mode of dividing the property in question, and no mode of ascertaining when the defendant has his share of the water, but by conducting all the water to a reservoir, and

thence distributing it to the several owners; and that would entail an unwarranted expense.   A sale of the property would be inequitable because the plaintiffs are in a condition to become purchasers, and the defendant is not.   The defendant has heretofore taken water from the aqueduct to supply his hotel premises in Whitefield, and he claimed that his interest in the spring and aqueduct had become an appurtenance to his hotel premises. The value of his interest is $500; and the most just and equitable disposition of the controversy seems to be, that the plaintiffs pay the defendant $500 for his interest, and the defendant thereupon convey the same to them.   Upon the coming in of the report, an alternative decree was entered, giving the defendant twenty days to elect whether he would accept $500 for his interest in the property, and providing that in case he should not so elect, the whole should be sold by a receiver appointed for that purpose, and the proceeds divided among the owners according to their several interests.   The defendant claimed that the court had not legal power to order a sale of such property under the circumstances shown, and excepted to the decree.

*Ladd & Fletcher*, for the plaintiffs.

*W. & H. Heywood*, for the defendant.

BLODGETT, J.   Whatever is capable of being divided may be the subject of partition in equity (Allnatt, Partition, 84); and the inconvenience or difficulty of making partition is no objection.   1 Sto. Eq. Jur. (12th ed.), s. 656.   Moreover, for the sake of convenience, in equity a recompense may be made by a sum of money to one of the parties, so as to prevent injustice or unavoidable inequality *(ib., ss.* 654, 656); or the court may order a sale of the subject-matter, and a division among the several owners according to their respective titles, as its powers are adequate to a full compensatory adjustment.   *Pell* v. *Ball's Ex'rs*, 1 Rich. (S. C.) Eq. 361; *Holmes* v. *Holmes*, 2 Jones (N. C.) Eq. 334; *Gregory* v. *Gregory*, 69 N. C. 522; *McGillivray* v. *Evans*, 27 Cal. 92; *Royston* v. *Royston*, 13 Ga. 425; *Coleman* v. *Lane*, 26 Ga. 515; *Graham* v. *Graham*, 8 Bush. (Ky.) 334; *Thurston* v. *Minke*, 32 Md. 571; *Ross* v. *Ramsey*, 3. Head (Tenn.) 15.   And if the defendant's right to the spring and aqueduct is to be regarded as an appurtenant to and a part of his hotel property, as he contends, an order of sale of such right in common with those of the plaintiffs' might, under the circumstances, properly be ordered if the partition proceedings were at law (G. L., c. 247, s. 25); and the power of the court to make such order can certainly be no less when the proceedings are in equity.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.