MADIGAN *v.* BURNS *& a.*

67  319
69  413

If land is devised to tenants in common, with a condition that it shall not be divided, proceedings for partition may nevertheless be maintained by one of the tenants in common, if he is the person entitled to the land in case the estate given by the will should be forfeited.

PETITION for partition. Facts agreed. John Burns and his son Patrick once owned each an undivided half of the premises. At the death of Patrick in ———, his half, subject to the right of dower of his widow, Nancy, fell to his daughter, Mary S. Madigan, who died in 1869, leaving surviving her husband the plaintiff, their only child, Joseph Madigan, and her mother, Nancy, and a will as follows:

" (1) I give, bequeath, and devise to my mother, Nancy Burns, one half of all the rents, profits, and income of all my property, real, personal, and mixed, for and during her natural life, remainder to my son, Joseph Madigan. But if my said son shall not be living at the death of my mother, then the said remainder to my husband, Edmund Madigan, and his heirs.

" (2) I give, bequeath, and devise to my husband aforesaid one half of all the rents, profits, and income of all my property, real, personal, and mixed, for and during the life of my mother, remainder to my son, Joseph Madigan. But if my said son shall not be living at the death of my mother, then said remainder to my husband and his heirs forever.

" (3) It is my will and request that the property by me owned shall be managed in the same manner as heretofore without division."

One sixth (one third of Patrick's half) of the rents, profits, and income was assigned to Nancy for her dower. John Burns devised one sixth (one third of his half) of the premises to Mary Burns and two sixths to the Quinns (who together with Nancy Burns are the defendants), and died in 1874. Mary Burns died in 1876 leaving as her heir Joseph Madigan, who afterwards died leaving as his heir-at-law his father, the plaintiff.

*John Hatch,* for the plaintiff.

*John Kivel,* for the defendants.

CARPENTER, J.  The defendant Nancy claims that the third clause of the will is a bar to the plaintiff's right of partition. Whether the language of this clause should be construed as advisory or obligatory—as a mere request (*Merrill* v. *Emery,* 10 Pick. 507, 512)—or as a condition, we need not inquire. Assuming, as being the view most favorable to the defendants, that the clause constitutes a condition the breach of which would cause a

forfeiture of the estate devised, the heir-at-law of the testatrix can alone take advantage of or enforce the forfeiture. The plaintiff is her sole heir. A forfeiture of the estate given by the will would leave it in him as heir. The right of entry for condition broken and the estate are united in him. He cannot enter upon himself. The condition, so far as his estate is concerned, is extinguished by operation of law. *Newkerk* v. *Newkerk*, 2 Cai. 345, 354. If Nancy and her estate remain bound by the condition, partition enforced upon her by law will not be a breach. *Doe* v. *Powell*, 5 B. and C. 308. As the plaintiff alone has the power to enforce, so he may release, the condition, and his prosecution of this petition to judgment is a release.

*Judgment for partition.*

All concurred.