Rockingham, }
   Dec., 1898. }

### HALE v. JAQUES.

The method provided by statute (P. S., c. 243) for the enforcement of the right of partition of real estate is cumulative and not exclusive of the general equitable jurisdiction of the court.

BILL IN EQUITY, for partition. The facts are stated in the opinion.

*Samuel C. Eastman* and *John S. H. Frink*, for the plaintiff.

*Streeter, Walker & Hollis*, for the defendant.

PARSONS, J. The plaintiff, tenant for her life of one half of the premises described in her bill and of which life estate the defendant owns the remaining half, asks for a division of the estate by a decree giving to each owner alternate exclusive occupation of the whole estate. If she is not entitled to such a decree, she asks that the premises may be divided. The defendant admits the ownership alleged, objects to the apportionment of alternate occupation prayed for, but joins in the prayer that the premises may be divided. The defendant also " moves that a committee be now appointed and such proceedings had for a division or sale as is provided in P. S., c. 243." The defendant's motion was allowed upon the ground " that it is the legal right of the defendant to compel partition agreeably to his motion." The only question reserved arises upon the plaintiff's exception to this ruling. The case is as if the defendant had demurred to the plaintiff's bill for want of jurisdiction in equity and had filed his own petition under the statute. The present proceeding is in equity, while a " proceeding by petition under the statute is in substance and effect a proceeding at law." *Crowell* v. *Woodbury*, 52 N. H. 613, 617. The only question, therefore, is whether, as the defendant claims, the method provided in the statute for the enforcement of the admitted right of partition of common property is an essential part of that right. This claim cannot be maintained, for it must be regarded as settled that the remedy furnished by the statute is cumulative, and not exclusive, of the general equitable jurisdiction of the court of which the partition of real estate is an undoubted branch. *Whitten* v. *Whitten*, 36 N. H. 326, 332.

" Long before any court having general chancery powers was established in this state, the concurrent jurisdiction of equity in making partition of land held in common by coparceners and tenants in common had become perfectly established,— Har-

grave's note to Co. Lit. 169 a; Sto. Eq. Jur., s. 646, *et seq.;* and there can be no doubt but that this branch of equity jurisdiction was fully conferred upon the court, with other equity powers, by the act of 1832." *Crowell* v. *Woodbury,* 52 N. H. 613, 615; *Barney* v. *Leeds,* 54 N. H. 128; *Allard* v. *Carleton,* 64 N. H. 24.

The jurisdiction of a court of equity is expressly recognized in the statute (P. S., c. 243, s. 26) by the provision that upon and in reference to a sale under the statute the court may make all such orders as a court of equity may do in like cases. The parties upon the admitted title are entitled to partition as of right. *Barney* v. *Leeds,* 54 N. H. 128, 143; *Spaulding* v. *Woodward,* 53 N. H. 573, 575; *Hoyt* v. *Kimball,* 49 N. H. 322, 328; *Morrill* v. *Morrill,* 5 N. H. 134, 136; P. S., c. 243, s. 1. Whether partition is sought by petition under the statute or by bill in equity, the partition of the common estate to which each owner is entitled is an actual physical division of the common property by metes and bounds unless such division cannot be made without great prejudice or inconvenience. P. S., c. 243, ss. 24, 26; *Pickering* v. *Moore,* 67 N. H. 533, 535; Freem. Cot., s. 537. Whether the estate is or is not physically partible is a question of fact. There is no legal error in sending this question to commissioners for decision, or in authorizing them to make partition if such be found practicable. In most cases, and probably in the present, such course may be the most convenient procedure. Freem. Cot., s. 522. Whether justice and convenience require a trial of the preliminary question of the physical partibility of the estate by commissioners after the manner provided by statute, or by a referee as in *Allard* v. *Carleton,* 64 N. H. 24, or by the court, as well as the order in which the trial shall proceed, are questions of fact. Such questions are determined only at the trial term. But as equity has concurrent jurisdiction, neither party has a legal right to require that partition of the common premises shall be made only under the statute procedure. The undoubted jurisdiction of equity necessarily involves the power to determine the cause according to usual and customary modes of procedure in equity. An order of the court appointing commissioners, made because such was found to be a convenient mode of procedure, would not be open to exception; but the order in the present case, granting the defendant's motion solely on the ground of legal right, cannot be sustained, and because of the ground upon which it was made must be set aside.

Prior to the General Laws (1878), no authority existed in a proceeding under the statute for any remedy, in case the estate could not be divided without great prejudice or inconvenience, which could be enforced without the consent of the parties. The statute was said to be imperfect, and " therefore, that many cases must arise where full and complete justice can be done only by a resort to the concurrent jurisdiction exercised by courts of equity

in the matter of partition. *Crowell* v. *Woodbury*, 52 N. H. 613; *Barney* v. *Leeds*, 54 N. H. 128." *Timon* v. *Moran*, 54 N. H. 441. The amendments which have since been made, authorizing a sale in certain cases (G. L., c. 247, s. 25) and extending the authority of the court upon the question of division or sale (P. S., c. 243, s. 26), must largely diminish the number of cases which may arise where full and complete justice cannot be done under the statute. But these amendments were not intended to and do not exclude the jurisdiction of equity in partition, or limit the extent of that jurisdiction in those cases, if any now remain, where by reason of the nature and situation of the property no sufficient remedy is furnished by petition under the statute. Such cases, if any such shall arise, are, as before, left to the " ample, flexible, and more appropriate remedies of equity," whereby complete justice may be done by " such means as are appropriate to the special circumstances and situation of each particular case." *Barney* v. *Leeds*, 54 N. H. 128, 145 ; *Crowell* v. *Woodbury*, 52 N. H. 613. Because of the concurrent jurisdiction, it does not follow that there is or may be on the same facts one remedy under the statute and another in equity. For when the remedy afforded by the statute does full and complete justice, equity in administering such relief necessarily applies the same remedy, while it is only in cases where the statute does not furnish such relief that resort must be had to equity. *Timon* v. *Moran, Barney* v. *Leeds, Crowell* v. *Woodbury, supra.* While it may be conceded that the general right to partition incident to the ownership of common property may be taken away by covenants or conditions affecting the common title, either by express stipulation or by implication from the nature of the estate and the manifest purposes and intentions of the parties (*Hunt* v. *Wright*, 47 N. H. 396 ; *Hoyt* v. *Kimball*, 49 N. H. 322, 324 ; *Sawyer* v. *Sawyer*, 61 N. H. 50 ; *Whitney* v. *Kendall*, 63 N. H. 200 ; *Madigan* v. *Burns*, 67 N. H. 319), we are not called on to consider what covenants, conditions, or circumstances may be sufficient to extinguish the right, for in the present case the right to partition is not denied. The only question between the parties is in what way the partition desired by each shall be had. If it be found by the tribunal trying the fact that a division by metes and bounds is prejudicial or inconvenient (P. S., c. 243, s. 24), the parties can then be heard upon the question of sale or other relief. The extent and character of the relief which equity may afford in a particular case is a question not raised by the case, as it is now before us. It is a question which may not arise in this cause, and which it is not advisable to consider until the facts are found.

*Exception sustained.*

BLODGETT, C. J., and CHASE and YOUNG, JJ., did not sit : the others concurred.