Rockingham,
No. 4530.

EDITH KRINSKY

*v.*

MORRIS MINDICK & a.

Argued December 4, 1956.

Decided January 31, 1957.

*Max James Allen* and *William Herbits* (of Massachusetts) and *Robert A. Shaines* (*Mr. Allen* orally), for the plaintiff.

*Varney & Levy*, for defendant Morris Mindick, furnished no brief.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for defendants Israel, Joseph and Bertha Mindick a/k/a Bertha Stauber.

LAMPRON, J. Section 7 of RSA ch. 545 (Uniform Fraudulent Conveyances Act) provides as follows: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors is fraudulent as to both present and future creditors." If the grantor herein has conveyed his real estate with an actual intent to thereby hinder, delay or defraud his creditors and the grantees participated or acquiesced in his fraudulent design the transaction falls within the condemnation of said section. *Ricker* v. *Mathews*, 94 N. H. 313, 315; 24 Am. Jur.

180. That is so even if the grantees have paid an adequate consideration. *Kelly* v. *Simoutis*, 91 N. H. 407; *Long* v. *Dixon*, 201 Md. 321.

It is incumbent on the plaintiff to prove that the grantees as well as the grantor entered in the transaction with an actual fraudulent intent. *Kelly* v. *Simoutis, supra;* see *Blake* v. *White*, 13 N. H. 267; *Seavy* v. *Dearborn*, 19 N. H. 351. Direct evidence of fraud however is not essential for the issue of fraudulent intent or knowledge can be determined on the facts and circumstances of the particular situation. *Ricker* v. *Mathews, supra;* 37 C. J. S., 1245.

The first question presented is whether there was evidence to support the Court's findings "that the conveyance complained of was intended to, and did, hinder, delay and defraud the petitioner . . . in the collection of her judgment" and "that the defendants Israel, Joseph and Bertha participated in the fraudulent conveyance." We are of the opinion that the following evidence was sufficient to support the finding of an actual fraudulent intent on the part of the grantor, Morris Mindick, to hinder and delay the plaintiff in the collection of her claim against him.

Plaintiff brought a tort action in Massachusetts for alienation of affection against Morris and his wife Ida to one of whose sons she had been married. This was brought by a writ having an *ad damnum* of $30,000 served at their abode on November 16, 1951. She obtained a verdict of $15,000 on January 21, 1955.

Defendant Morris obtained title to the premises in question by a deed dated February 9, 1952, which was not recorded however until April 11 next simultaneously with the deed by which he conveyed the premises to his children. This latter deed was made subject to the same two mortgages assumed by Morris in the conveyance to him which the grantees in this conveyance assumed and agreed to pay. In addition the children gave a mortgage thereon to their father in the amount of $30,000 payable on demand which was recorded at the same time. The deed to Morris and that from him to his children each bore federal revenue stamps in the amount of $8.80.

After the conveyance to the children Morris applied at a bank for a loan on the premises in the name of the children by himself as manager. The loan was finally made in 1955 after all the children became of age. The mortgage was executed by them and a check made out to the children by the bank for the balance of

the proceeds from said loan was endorsed by Morris as manager. He received the rents collected from the tenants thereon. Complaints were reported to him. He made repeated inquiries regarding the property at the office of the tax collector. He was on the premises frequently and took an active interest therein.

In April 1952, during the pendency of the tort action in Massachusetts Morris told the plaintiff and her father that she would never collect any money from him because his farm and all his property was in the names of his children. "She never get a penny from me because everything is signed to somebody else."

Although the above evidence is sufficient to show a fraudulent intent on the part of the grantor, the conveyance would not fall within the condemnation of RSA 545:7 unless it also appears that the grantees participated or acquiesced in the former's fraudulent design. *Kelly* v. *Simoutis, supra;* 24 Am. Jur. 167; see *Blake* v. *White,* 13 N. H. 267, 272; *Robinson* v. *Holt,* 39 N. H. 557, 561.

The grantees were 22, 20 and 18 years of age at the time of the conveyance and were members of their father's household where the writ in plaintiff's tort action was served in November 1951. None of them testified at the hearing to controvert the effect of the circumstances surrounding the transaction previously enumerated which unexplained tended to establish their knowledge of or acquiescence in their father's fraudulent design. *Woodman* v. *Peck,* 90 N. H. 292, 294. It cannot be said as a matter of law that the finding of the Court that they participated in the fraudulent conveyance is without support on all the evidence. *Ricker* v. *Mathews, supra.* Defendant's motions for nonsuit and a directed verdict were properly denied. *In re Elliott,* 83 F. Supp. 771; 9 A Uniform Laws Anno. 51.

Statements by Morris, when it could be found he was still in control and possession of the premises, that plaintiff would never get anything from him because all of his property was turned over to his children were properly admitted as tending to show a fraudulent intent on his part. Such statements are admissible even if they are made in the absence of the other parties to the transaction. *Lamprey* v. *Donacour,* 58 N. H. 376, 377; *Coburn* v. *Storer,* 67 N. H. 86, 87. They are not admissions as to the latter because not made by them or in their presence (*Caswell* v. *Maplewood Garage,* 84 N. H. 241; 4 Wig. Ev. (3d *ed*) s. 1071) but are competent against them as tending to prove their knowledge

of or acquiescence in Morris' avowed purpose. *Blake* v. *White*, 13 N. H. 267, 274; *Pomeroy* v. *Bailey*, 43 N. H. 118, 125; 4 Wig Ev. (3d *ed.*) *s.* 1086. Their request number 3 that this evidence was not competent against them was therefore properly denied.

Plaintiff's requests for findings of fact 36, 41, 42, 43, 44 and for a ruling of law 9 related to the above statements made by Morris and to whether the conveyance was made by him with a fraudulent intent participated in by the grantees. In view of what we have said these requests were properly granted and defendants' requests 8 and 9 asking the Court to make contrary findings on the same matters were properly denied.

We see no error in the Court's action granting plaintiff's requests 7 and 37 and denying defendants' request 11 pertaining to whether this conveyance rendered Morris insolvent. His declaration to plaintiff that it was a waste of time to try these cases because she would never get anything from him because he had turned all of his property over to his children could constitute an admission on his part that the conveyance rendered him insolvent. The Court in overruling objection by the children to its admission as proof of the matters therein stated said "It is a matter of an evaluation of the evidence and its proof will have to be determined by the Court." This declaration by Morris furnished sufficient evidence to warrant a finding that he was rendered insolvent by the conveyance.

We have examined plaintiff's requests for findings 6, 27, 29, 30, 34 which were granted. They pertained to the operation and control of the premises by Morris, the collection of rents and payments to workmen made by or for him as well as to the identity of "Mindick's Sub-Divisions." We find evidence to support such findings.

*Exceptions overruled.*

All concurred.