Grafton,
No. 6258.

WINIFRED R. OWEN

*v.*

ANTOINETTE B. STEWART *& a.*

November 2, 1971.

*Laurence F. Gardner* ( by brief and orally ) for the plaintiff.

*Mussman & Shepatin* ( *Mr. David B. Shepatin* orally ) for the defendants.

LAMPRON, J.   Plaintiff Winifred R. Owen on January 31, 1968, obtained in the State of Vermont, an *ex parte* " divorce from bed and board " from Robert L. Owen a defendant in this case. The Vermont courts decreed to her, free from any and all rights of Robert, a parcel of land with buildings situated in Piermont, New Hampshire standing in the name of Robert, and a parcel of land also in Piermont held in the names of both and ordered Robert to convey them to Winifred. On September 28, 1966, Robert had mortgaged the first of these parcels to his mother Antoinette B. Stewart, the other defendant in the present proceedings. The latter instituted a foreclosure of this mortgage with the sale scheduled for July 30, 1968. On July 18, 1968, Winifred brought this bill in equity asking that the foreclosure be enjoined, the mortgage declared null and void, and that both of the above properties be decreed to her free and clear of all rights of Robert.

After a hearing, *Loughlin,* J., decreed the mortgage void as to Winifred; found that portion of the Vermont decree purporting to

convey the Piermont properties to Winifred to be a nullity; and allowed Robert in a " future proceeding " to appear and show cause why the property should not be assigned to Winifred. Although the legality of the above decree is not questioned or in issue on this appeal, the preceding history is essential to an understanding of the issues before the court which arose as a result of the " future proceeding " allowed to the defendant Robert Owen.

That " proceeding " was held before a Judicial Referee ( *Amos N. Blandin, Jr.* ) whose findings and rulings included the following: " This Court finds that the disputed land was located in New Hampshire, that the parties appeared in person and by counsel with their witnesses . . ., that no jurisdictional question was raised, that the matter was thoroughly tried, and that justice requires that all Piermont, New Hampshire land in which Robert has any interest should be conveyed to the plaintiff free and clear of all claims of Robert and Antionette. "

" The Court rules that RSA 458:19-a relates to alimony payments and is not applicable to the division of real property located in New Hampshire between non-resident parties who have obtained a valid divorce in another jurisdiction and have submitted themselves personally to the jurisdiction of this state.

" The Court rules that it has jurisdiction of the property and the parties and that under its broad equitable powers to give such further relief as might be just, it may award all the Piermont lands in which the defendant Robert has any interest to the plaintiff Winifred, free and clear of all claims of Robert or his mother Antoinette. "

The report of the judicial referee was approved by *Loughlin*, J., who entered the following decree in accordance with the order of the referee: " The Court decrees the real estate located in Piermont, New Hampshire to the Plaintiff, Winifred R. Owen, disencumbered of any right, title, or interest of the Defendant, Robert L. Owen, and the Defendant, Antoinette B. Stewart. " All questions of law raised thereby were reserved and transferred.

RSA 458:19-a reads as follows: " Divorce in Another Jurisdiction. The superior court shall have a jurisdiction to make such orders or temporary orders of alimony to a divorced wife or of support to the children of divorced parents as justice shall require in cases where the decree of divorce was not granted in this jurisdiction, even though said divorce decree makes provision for alimony and support, provided the wife and the children are

domiciled in this jurisdiction and the husband is served with process in this jurisdiction."

The defendants argue that the trial court erroneously ruled that, even though Winifred did not meet the domicile requirements to obtain relief under the statute, the court could nevertheless afford her the relief she sought under its general equity jurisdiction. In other words, defendants argue that the word "alimony" in RSA 458:19-a is all-encompassing and that this statute is the exclusive source of jurisdiction for the determination of the interest of the parties in their New Hampshire real estate.

It must be pointed out that the court is not dealing in this proceeding with the marital status of the parties for which RSA ch. 458 is designed to be the exclusive source of jurisdiction. *Rockwood* v. *Rockwood,* 105 N.H. 129, 194 A.2d 771 (1963). On the contrary, this aspect of their relationship has been determined by the decree of the Vermont court to which this State must accord full faith and credit. *Shippee* v. *Shippee,* 95 N.H. 450, 453, 66 A.2d 77, 79 (1949); *Vanderbilt* v. *Vanderbilt,* 354 U.S. 416, 1 L. Ed. 2d 1456, 77 S. Ct. 1360 (1957).

RSA 458:19-a, adopted in 1955, provides for "such orders or temporary orders of alimony to a divorced wife or of support to the children of divorced parents" if the wife and children are domiciled in New Hampshire. We fail to see in the light of the history of our alimony statutes that RSA 458:19-a was intended to exclude or limit the general equity jurisdiction of the superior court to adjudicate the property rights in New Hampshire real estate of parties divorced in another state. *See Hopson* v. *Hopson,* 221 F.2d 839 (D.C. Cir. 1955); *Buckley* v. *Buckley,* 50 Wash. 213, 96 P. 1079 (1908).

RSA 491:7 grants to the superior court jurisdiction of suits in equity. It has been interpreted as a grant of broad and comprehensive equitable powers. *State ex rel. Rhodes* v. *Saunders,* 66 N.H. 39, 71, 25 A. 588 (1889); 1 Pomeroy, Equity Jurisprudence *s.* 299 (5th ed. 1941). Plaintiff's petition alleged fraud and the power of the superior court to exercise its equitable jurisdiction in the case of fraud has long been recognized. *Dodge* v. *Griswold,* 8 N.H. 425 (1837); *Krinsky* v. *Mindick,* 100 N.H. 423, 128 A.2d 915 (1957); 1 Pomeroy, Equity Jurisprudence *s.* 303 (5th ed. 1941).

It is also a well-established doctrine that where a court of equity has obtained jurisdiction over some portion or feature of a controversy it may, and will in general, proceed to decide the

whole issue. *Barber* v. *Somers*, 102 N.H. 38, 43, 150 A.2d 408, 412 ( 1959 ); *Sullivan* v. *Dumaine*, 106 N.H. 102, 205 A.2d 848 ( 1964 ). The superior court having jurisdiction to decide the rights of the parties with respect to a mortgage on one of the properties of the parties in New Hampshire could proceed to adjudicate the rights of the parties in all their real estate in this State as requested in Winifred's bill. 1 Pomeroy, Equity Jurisprudence *s.* 114, at 152 ( 5th ed. 1941 ).

*Decree affirmed.*

All concurred.