Hillsborough
No. 7310

KATHERINE NAVONIS v. VINCENT W. NAVONIS

August 31, 1976

*George J. Basbanes,* by brief and orally, for the plaintiff.

KENISON, C.J. In 1972 the plaintiff and the defendant were divorced by the decree of a Massachusetts court which made no order for support of the plaintiff or the parties' minor child. In this action the plaintiff seeks a support order which will be satisfied from certain real property in New Hampshire which the parties jointly own. Since 1971 the plaintiff has paid the taxes on and has maintained the property. The plaintiff has resided in Massachusetts throughout the relevant period. The defendant's last known address is in Massachusetts, and his present whereabouts are unknown. The Superior Court *(Bois,* J.) denied the plaintiff's petition "for want of jurisdiction" and reserved and transferred the plaintiff's exceptions.

RSA 458:19-a provides: "The superior court shall have a jurisdiction to make such orders or temporary orders of alimony to a divorced wife or of support to the children of divorced parents as justice shall require in cases where the decree of divorce was not granted in this jurisdiction, even though said divorce decree makes provision for alimony and support, provided the wife and the children are domiciled in this jurisdiction and the husband is served with process in this jurisdiction."

The United States Constitution permits a State to award support when property of the defendant can be reached in the State even though the defendant cannot be served there. *Pennington v. Fourth Nat'l Bank,* 243 U.S. 269 (1917); Annot., *Jurisdiction on Constructive or Substituted Service, in Divorce or Alimony Action, to Reach Property Within State,* 10 A.L.R.3d 212 (1966); H. Clark, Jr., Domestic Relations 314 (1968). However, RSA 458:19-a prescribes a narrower jurisdiction. The superior court does not have jurisdiction over the plaintiff's claim under this statute, because neither the plaintiff nor the child is a New Hampshire domiciliary.

Nothing in this opinion precludes the plaintiff from bringing a bill in equity for partition of the property. *Hale v. Jaques,* 69 N.H. 411, 43 A. 121 (1898). *See also* RSA ch. 538 and 491:7 (Supp.

1975). The plaintiff may seek in that proceeding a comprehensive adjudication of the parties' rights in the property. *Owen v. Stewart,* 111 N.H. 350, 283 A.2d 492 (1971).

*Plaintiff's exceptions overruled.*

All concurred.