Rockingham
No. 7802

EMMA M. HILL & a.

v.

PETER A. LUNDBLAD & a.

September 30, 1977

*Fisher & Randlett,* of Seabrook (*Mr. Wilbert B. Fisher* orally), for the plaintiffs.

Thomas R. Aylward, of Epping, pro se, by brief and orally, for the defendants Thomas R. Aylward and Gail P. Aylward.

PER CURIAM. The defendants Thomas R. and Gail P. Aylward appeal the grant of a motion to enforce settlement and to adopt stipulations based on oral agreements openly arrived at in the presence of the Master (*Henry P. Sullivan,* Esq.) as the court's decree. All questions of law were reserved and transferred by *Mullavey, J.*

The plaintiffs by an action in equity, originally brought against Peter A. Lundblad and Karen A. Lundblad, sought a restraining order for use of property and determination of a boundary. The property in question was sold to the defendants Aylward, who by motion and without objection were added as party defendants. A hearing on the merits was had and after a view and over two days of testimony the parties entered into settlement negotiations. The parties together with counsel and in the presence of the master agreed to file written stipulations with the court based on the oral agreements openly arrived at in the presence of the master. A consent decree was prepared by counsel based upon the agreement

reached. Plaintiffs executed the proposed decree but defendants subsequently refused to sign it. The court incorporated the consent decree as the decree of the court in its order and the defendants object.

The record before us consists of a transcript of the hearing on the motion for rehearing. The defendants basically claim they refused to sign because the terms contained in the proposed consent decree were "very vague, very ambiguous in many areas" and "differs from even the rudimentary discussions that were discussed in open court. . . ." They further allege "duress or pressure to enter these oral rudimentary type discussions towards an agreement."

The master found and ruled, in pertinent part, as follows:

> The master wants to state specifically . . . that in the presence of the parties, in the presence of counsel for the parties, and in open court . . . not in chambers but in open court . . . agreements were reached. . . . The master directed counsel to adjourn and make sure . . . that the agreements reached . . . were reduced to writing. . . . Brother Steuk, who represented Mr. Aylward . . . states the agreement reduced to writing was the agreement reached in open court except, as he says, for the vagueness with reference to the question of manure. I say the statement relating to manure as reduced to writing in the agreement was proper.

> On the basis of the evidence before me, and on the basis of the hearing, and on the basis of the statement of Mr. Aylward, and on the basis of my recollection of the events that day, the motion is denied.

We hold that a review of the record indicates no evidence of "duress or pressure" as claimed by the defendants. Further, there is contained therein sufficient evidence to sustain the master's findings and rulings and, accordingly, they must stand. *Iafolla Industries, Inc. v. Curran-Cossette Construction Corp.*, 116 N.H. 850, 368 A.2d 1175 (1976).

*Exceptions overruled.*

DOUGLAS, J., did not sit.