NEW BRADFORD CO., INC.

v.

ROGER N. MEUNIER

October 17, 1977

*Leahy & Denault,* of Claremont (*Mr. Albert D. Leahy, Jr.,* orally), for the plaintiff.

*Buckley & Zopf,* of Claremont (*Mr. Robert B. Buckley* orally), for the defendant.

GRIMES, J.   This matter involves an action in assumpsit to recover an escrow deposit on a contract for the purchase and sale of land with a building to be built thereon in Claremont, New Hampshire. After a hearing a verdict was entered in favor of plaintiff, the escrow depositor. Defendant's exceptions were transferred by *Johnson, J.*

On September 5, 1973, plaintiff, New Bradford Co., Inc., and defendant Meunier entered into an agreement for the purchase by plaintiff of land and buildings to be constructed by defendant for a sum of $1,065,000. As part of this agreement, the plaintiff placed $50,000 in an escrow account at the Indian Head National Bank in Claremont on November 16, 1973. This sum was to be retained by

defendant as liquidated damages upon plaintiff's failure to fulfill its obligation to purchase. Upon defendant's failure to complete the contract in accordance with the terms of the agreement, the escrow monies were to be returned to plaintiff. The purchase and sale was not consummated. Plaintiff made formal demand for the return of the escrow deposit alleging that the failure to close was due to defendant's inability to produce a zoning opinion satisfactory to the plaintiff. Defendant refused this demand and claimed the money as liquidated damages.

Paragraph nine (v) and (vi) of the September 5, 1973 contract set forth the following conditions precedent:

9 (v) The use of the property for a manufacturing facility/warehouse and/or an office building and all activities auxiliary to any and all of such uses are not in violation of any applicable building, zoning or subdivision control laws, by-laws, ordinances or rules of any other governmental regulations or controls affecting the use, maintenance or ownership of the property and the BUYER, shall have received an opinion of counsel for the SELLER satisfactory to it to this effect.

9 (vi) The building and other improvements shall be in compliance with all applicable laws, rules, ordinances and regulations and all necessary governmental approvals, permits, shall have been secured.

Defendant's counsel issued an opinion regarding these matters to plaintiff's Boston counsel, but, some time before closing was to occur, the plaintiff's New Hampshire counsel was asked by plaintiff's Boston counsel to procure a supplemental opinion regarding the zoning and use questions. After an investigation into this area, plaintiff's New Hampshire counsel reported to the plaintiff and defendant's counsel that in their judgment there were major questions that would have to be answered or explained before Meunier's counsel's zoning opinion would be satisfactory.

The evidence produced in the trial court indicates that these answers or explanations were not forthcoming, and their absence combined with plaintiff's independent examination caused plaintiff not to go forward with the purchase of the property. The trial court found that plaintiff's New Hampshire counsel could not and should not have given an opinion that there were no problems pursuant to paragraphs 9 (v) and (vi) of the purchase-sale agreement. Plaintiff's New Hampshire counsel reasonably believed from

their investigation, and the evidence supports their conclusion, that the zoning opinion of defendant's counsel was not satisfactory in at least two respects. The first of these problems concerned the possibility that a proposed use was inconsistent with the applicable zoning ordinance, and the second concerned the size of the building as being a violation of an area percentage requirement.

■■ The court below specifically found that the zoning ordinances and maps of the city of Claremont were in such a state of inconsistency and incompleteness that a reasonable attorney could not render an opinion stating that there were no problems with the zoning or prospective use. These determinations are amply supported by the evidence and as such are binding upon this court. As we have so often held, conflicts in evidence and issues of fact are for the trial court to resolve, and its determinations are binding on the reviewing court where there is evidence to support them. *Copeland Process Corp. v. Nalews, Inc.*, 113 N.H. 612, 615–16, 312 A.2d 576, 579 (1973); *Eichel v. Payeur*, 107 N.H. 194, 196, 219 A.2d 287, 288 (1966).

Since the findings and rulings of the trial court are supported by both the law and the evidence, its ruling in favor of the plaintiff is sustained.

*Defendant's exceptions overruled.*

All concurred.