Merrimack
No. 7680

PATRICIA J. GORDON

v.

LAURENCE W. GORDON, JR.

October 31, 1977

*Hatfield & Henderson,* of Hillsborough (*Mr. Douglas S. Hatfield, Jr.,* orally), for the plaintiff.

*Tefft & Thayer,* of Manchester (*Mr. Stanton E. Tefft* orally), for the defendant.

BOIS, J.    Petition for partition. Pending a hearing on the merits, and with the consent of both parties, the real estate was sold. Plaintiff conceded that one-half of the proceeds of sale belonged to the defendant, to whom $20,000 was distributed. Defendant, however, also claimed an interest in the remaining fifty percent and the funds were held in escrow. Hearing was had before a Master (*Earl J. Dearborn,* Esq.) who ruled that $16,675 be awarded to the plaintiff ($20,000 minus her share of certain expenses). The report was approved by *Batchelder,* J. Defendant seasonably excepted to the introduction of certain evidence as well as to the granting and denying of certain requests for findings and rulings filed by the parties. All questions of law raised by the foregoing exceptions or any exceptions appearing in the transcript or appendix were reserved and transferred by *Flynn,* J.

Generally, the defendant's position is that "such a division of the proceeds is grossly unfair and inequitable and has been done on some sort of basis not founded in law." We do not agree.

The parties were married in 1967 and have three children. In 1970 they resided in a house in Webster which the master found they had built together. In 1971, as joint tenants, they bought adjacent land and financed the purchase price in both their names. The original house was sold and the purchase debt retired with part of the proceeds. The plaintiff and the children moved to Arizona in August 1971, where the defendant joined them three months later. In August 1972, the parties returned to New Hampshire, taking up residence in a trailer on the land in question. Defendant began construction of a new home on the lot. There was testimony that the plaintiff aided in the building of this house, the

sale of which eventually generated the funds at issue in this action. The master found that part of the proceeds from the sale of the first house, over and above the purchase price of the land, was used to defray some of the construction cost of the second house. He further found that during this period the plaintiff provided the full support of the children.

In January 1973, the plaintiff and the children returned to Arizona where eventually she initiated divorce proceedings. The Arizona court issued a decree of legal separation, which included a property division order. The joint tenancy in the second house was subsequently converted by the plaintiff to a tenancy in common.

Defendant argues that the master erred in awarding plaintiff a one-half interest in the proceeds from the sale. He argues that the master incorrectly failed to take into account his labor and costs. He further contends that the master erroneously gave weight both to the Arizona court's decree awarding plaintiff a one-half interest in the second Webster house and to the fact she had provided all of the children's support while the house was being built.

In *Bartlett v. Bartlett,* 116 N.H. 269, 272–273, 357 A.2d 460, 462–463 (1976), this court analyzed and adopted the rationale of the Wisconsin Court, which is in part as follows:

> The interests of joint tenants being equal during their lives, a presumption arises that upon dissolution . . . each is entitled to an equal share of the proceeds. This presumption is subject to rebuttal, however, and does not prevent proof from being introduced that the respective holdings and interests of the parties are unequal. The presumption may be rebutted by evidence showing the source of the actual cash outlay at the time of the acquisition . . . unequal contribution by way of money or services, unequal expenditures in improving the property or freeing it from incumbrances and clouds, or other evidence raising inferences contrary to the idea of equal interests in the joint estate.

*See Navonis v. Navonis,* 116 N.H. 505, 363 A.2d 420 (1976); *Owen v. Stewart,* 111 N.H. 350, 283 A.2d 492 (1971). The *Bartlett* court further observed that partition is equitable in nature and jurisdiction extends to the adjustment of claims in arriving at a fair division considering all circumstances. It proposed that the proceeds need not always be divided strictly according to the relative values

held by the respective parties but rather that the parties should inquire as to their real interest in the property.

■ The defendant points out that the master granted plaintiff's requests that the parties had been divorced pursuant to a decree of the state of Arizona where personal jurisdiction over the parties existed and that the Arizona court granted plaintiff a one-half interest in the New Hampshire real estate. He argues that the ruling made by the foreign jurisdiction was not properly before the master and should not be made the basis for any part of his decision. It is significant to note, however, that also granted were defendant's own requests that the Arizona decree was not material to the issue in the case and could not affect the situation shown by the deeds to the property. We find no inconsistency in these rulings and conclude that the master did not base his award on the foreign decree but, rather, followed the "deeds" to the property in determining the interest of the parties. This is the very position urged upon the court by the defendant, who admits that the title to the new property was originally taken jointly and subsequently converted to a tenancy in common.

■ We are not persuaded by defendant's contention that it was error for the court to permit and consider testimony as to the plaintiff's support of the minor children during the period of construction. We hold such evidence to have been admissible and properly before the master, to be given whatever weight and consideration he deemed appropriate in arriving at the equities in the instant case. Cf. Kibbee v. Kibbee, 99 N.H. 215, 108 A.2d 46 (1954).

■■ A review of the record reveals that the defendant's contributions to the purchase and construction of the house, including materials and his personal labor, were considered by the master, who saw no reason to adjust the legal interests of the parties beyond charging to the plaintiff one-half of certain bills not in dispute here. The fact that certain other bills were claimed by the defendant to have been incurred but were not allowed by the court is not grounds for reversal. The only evidence of these bills was the uncontradicted testimony of the defendant and some general accounting notes subsequently made by defendant's counsel. We have held that the trier of fact may accept or reject in whole or in part any testimony of any witness or party. Credibility as well as weight given to testimony is a question of fact for the court and if the findings could reasonably be made on all the evidence they

must stand. *New Bradford Co., Inc. v. Meunier,* 117 N.H. 774, 378 A.2d 748 (1977); *Beaudoin v. Zaccardo,* 117 N.H. 273, 371 A.2d 1174 (1977); *Colby v. Granite State Realty, Inc.,* 116 N.H. 690, 366 A.2d 482 (1976); *Hogan v. Leary,* 115 N.H. 88, 333 A.2d 724 (1975).

The above discussion disposes of defendant's final contention, which is concerned with the so-called "Arizona House" testimony originally excluded from evidence. Defendant was eventually allowed to testify, without objection, as to his claim that he left for the plaintiff (in lieu of support) a $30,000 house, free and clear, which he argued should have been considered in adjusting the parties' equities. The master considered this testimony and ruled that there was no credible evidence to sustain such a requested finding.

Considering the evidence, as contained in the record, and all of the circumstances of this case, the rulings and findings which were made were consistent with the decree and warranted by the evidence and so binding on this court. *Hill v. Lundblad,* 117 N.H. 745, 378 A.2d 1141 (1977).

*Exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.