Rockingham
No. 7714

Roy T. Matucci & a.

v.

James L. Davis & a.

December 16, 1977

*Kearns & Colliander,* of Exeter (*Mr. Peter F. Kearns* orally), for the plaintiffs.

*Griffin, Harrington, Brigham & Ritzo,* of Portsmouth (*Mr. Lindsey R. Brigham* orally), for the defendants.

PER CURIAM. The issue in this case is whether the trial court erred in not decreeing a dissolution of the plaintiff D.H.M. Realty Corporation. We hold that dissolution was not compelled on the evidence.

Plaintiffs Matucci and Hession each own one-third of the stock in D.H.M. Realty Corporation and defendant James L. Davis owns the other one-third. The corporation was formed to take title to land from Davis Associates, Inc., in which Davis owned fifty-two percent of the stock and the other stockholders including Matucci and Hession owned sixteen percent each. Davis Associates built a building on the land and then rented space in it from D.H.M. Later another corporation was formed by the parties which also leased part of the building. Davis, as president of D.H.M., assumed management of the corporation although Hession was vice president

and Matucci, treasurer. Hession and Matucci were also officers and employees of Davis Associates.

Davis Associates needed to raise more capital and to reduce its overhead. When Hession and Matucci were unable or unwilling to buy more stock, Davis, as part of his program to reduce overhead, terminated the employment of Hession and Matucci who then formed a new corporation which would at times compete with Davis Associates.

On March 25, 1974, at a duly noticed meeting of the directors of D.H.M., it was voted that all records and certain equipment be transferred to the possession of Hession and Matucci. When Davis failed to comply, Hession and Matucci and D.H.M. Realty Corporation brought a bill in equity to compel Davis to comply. Davis in turn as a minority stockholder by cross-petition sought dissolution alleging that the corporation was never intended to be an operating company, that it no longer serves a useful purpose, that the corporation's note to a bank was guaranteed by Davis personally (also by Hession and Matucci) and that giving control to the majority stockholders would allow them to stop making payments on the notes and would wreck Davis Associates, Inc.

There was a trial before a Master (*Leonard C. Hardwick*, Esq.) who recommended a decree in favor of plaintiffs and that dissolution be denied. Such a decree was entered by *Cann*, J., who transferred defendants' exceptions.

The master found that Hession and Matucci were majority stockholders and constituted a majority of the board of directors. He also found that Davis was a minority stockholder and that he held more than one-fourth of the stock so as to qualify under RSA 294:97, which authorizes the court on petition of more than one-fourth of the stockholders "whenever actual or pending insolvency or other cause renders its liquidation reasonably necessary for the protection of the rights of stockholders" to decree dissolution of a corporation. The master, however, was unable to find actual or pending insolvency and was "unable to find on the evidence, that transferring control of the corporation to the majority stockholders would be in any way jeopardized [sic] the rights of any of the stockholders of D.H.M. or that the conduct of the business of the corporation would be other than in the best interest of the corporation and its stockholders."

These were matters for the trial court to resolve and on which the defendant had the burden of proof on his cross-petition. Be-

cause the evidence did not compel a different result the findings and decree of the trial court must stand. *Clark v. Lake Shore Farm, Inc.,* 117 N.H. 953, 379 A.2d 1270 (1977); *New Bradford Co. v. Meunier,* 117 N.H. 774, 378 A.2d 748 (1977).

*Exceptions overruled.*

DOUGLAS, J., did not sit.