## WEEKS *v.* WALDRON.

A tax sale of non-resident land cannot be sustained when the number of acres in the parcel is not inserted in the collector's list as required by Gen. Laws, c. 59, s. 1.

WRIT OF ENTRY, to foreclose a mortgage upon land in Grafton. Facts found by the court. The defence was title in the defendant by collectors' deeds of the land upon sales for the taxes of 1879 and 1880.

*J. D. Weeks* and *G. W. Murray*, for the plaintiff.

*Shirley & Stone*, for the defendant.

SMITH, J. The plaintiff objected to the assessment (meaning the list), that it did not contain the number of acres. The statute reads as follows:

"A list of the taxes on the real estate of persons not resident in the town shall be made by the selectmen under their hands, in which shall be inserted the name of the owner, if known; otherwise the name of the original owner, if known; the number of the lot and range, if lotted; otherwise such description as the land may be readily known by; the number of acres, and the amount of taxes assessed thereon." G. L., c. 59, s. 1. This list the selectmen are required to deliver to the collector, on or before the thirtieth day of May, for collection. *Ib.*, s. 2.

It does not appear that the town was ever lotted. The fact is found that the land was known as the "Powell farm." Every requirement of the statute in regard to the list, therefore, was observed except the insertion of the number of acres. The question is, whether the sale was rendered invalid by the omission of the selectmen to state in the list the number of acres taxed. As to the character and extent of irregularities which will defeat the proceedings for the collection of taxes, it may not be easy to state a general rule. The authorities are generally agreed that a failure to comply with requirements which have regard simply to the due and orderly conduct of the proceedings, or to the protection of the public interest, as against the officer, so that to the tax-payer it is immaterial whether it was complied with or not, is not recognized as a ground of complaint by him. But safeguards which the legislature has thrown around the estates of citizens to protect them against unequal, unjust, or extortionate taxation, cannot be deemed directory merely, or declared non-essential. Cooley Const. Lim. 521. *n.;* Black. Tax. Tit. 260–265.

The provisions of our former statutes have been the same in this particular as that of Gen. Laws, c. 59. s. 1. See statutes of 1780 (1 N. H. Laws 520), 1784 (1 N. H. Laws 527), 1789 (1 N. H.

Laws 536), 1791 (N. H. Laws, ed. 1797, *p.* 197), 1796 (N. H. Laws, ed. 1805, *p.* 220), Rev. Sts., *c.* 46, *s.* 1, and Gen. Sts., *c.* 55, *s.* 1. A requirement which has stood upon our statute book for over a century, in eight different statutes, ought not to be adjudged formal merely, unless it clearly appears that no injustice will be done by so considering it. We are not prepared to say that this requirement is one which has regard merely to the due and orderly conduct of the proceedings of the selectmen or collector, or that it is immaterial to the owner whether it is complied with or not. The inquiry is not whether any injustice has been done to the land-owner in this instance by the omission of the selectmen to insert the number of acres, but whether injustice may be done in any case. There appears to be no substantial reason why lands of residents and non-residents should be taxed in separate lists. But it is held that when real estate, which should be taxed as resident, is erroneously taxed as non-resident, payment of the tax cannot be enforced by a collector's sale of the land. *Perley* v. *Stanley*, 59 N. H. 587; *Perham* v. *Fibre Co.*, 64 N. H. 2; *Mowry* v. *Blandin*, 64 N. H. 3. It will be conceded that the omission to insert the amount of tax in the list would be fatal to the sale. The requirement as to inserting the number of acres is in the same clause of the section as that in regard to the amount of taxes; "the number of acres, and the amount of taxes assessed thereon," is the language of the statute. If there should be two farms known by the same name, as, for example, the "Powell farm," the "Eastman farm," the "Brown farm," and the like, a statement of the number of acres might be material for the purpose of enabling the collector or the purchaser to know which farm was meant. It is the owner's right to have his land sold to the person who will pay the tax for the smallest part of the whole land. It might be material for bidders to know whether the tract offered for sale contains 5 acres, or 50, or 500. A bidder might be willing to pay the tax on a tract of 500 acres for 5 acres, or for less than the whole tract, while he might not be willing to pay the tax on a tract of 5 acres for any part less than the whole. It is essential for the purchaser at the sale to know what land he buys, and how much there is of it, for his bid must be supposed to be governed by such knowledge.

But whether there was any sufficient reason, in our opinion, for the legislature to make this provision, is of no importance. It has long been the law of the state, and we cannot say it was not intended for the security of the tax-payer. The language of the statute is plain, and the legislative will as expressed cannot be disregarded. When the requirements of a constitutional statute are plain and positive, courts are not called upon to give reasons why it was enacted. *Dillingham* v. *Snow*, 5 Mass. 557. "It is never lawful in the construction of statutes to impute useless or frivolous conduct to the legislature." *Parker*, C. J., in *Thayer* v. *Stearns*, 1 Pick. 482, 484.

Our conclusion is, that the sales for the taxes of 1879 and 1880 were invalid for the omission of the selectmen to set down the number of acres in the collector's lists. This result makes it unnecessary to consider the other exceptions.

*Judgment for the plaintiff.*

DOE, C. J., and ALLEN, J., did not sit: the others concurred.