Grafton, }
Oct. 6, 1936. }

WOODSVILLE FIRE DISTRICT *v.* EUGENE P. CRAY.

*Fred S. Wright* (by brief and orally), for the plaintiff.

*Carr & Gordon* (*Mr. Gordon* orally), for the defendant.

MARBLE, J. The writ in the present action was entered at the January term, 1931. A default was originally ordered because of the defendant's failure to file an affidavit of defence in compliance with Rule 33 of the Superior Court. But on May 4, 1931, new counsel having entered an appearance and filed the required affidavit, the order of default was vacated and the case reinstated on the docket.

Nothing further was done in the matter until the September term, 1934, when the case was marked for trial by the plaintiff. Defendant's counsel wrote the defendant on May 23, June 5, and September 12, of that year, stating that something had "got to be done with the case" and asking the defendant if he wanted "to try it by the jury or by the court." Counsel received no reply to these letters. The letter of September 12 was as follows: "The case of Woodsville Fire District against you is the second case for trial at Woodsville by the jury and will either be reached Monday afternoon or Tuesday morning of next week. Please get in touch with me at once and let me know whether you are going to default this action or be here for trial."

Counsel later informed the court that he was unable to get an answer from the defendant. Then, in the presence of the presiding justice, he called the office of the defendant and advised the defendant's secretary of the situation. She told him that the defendant was out of town that afternoon but that upon his return that evening she would deliver the message. Counsel heard nothing further from the defendant, and on the date set for the trial of the case the default in question was entered. Judgment was rendered for the plaintiff on October 12, 1934, and early in December the execution was placed in the hands of a deputy sheriff. On December 14, plaintiff's counsel received a letter from an attorney in Lebanon stating that the defendant had consulted him and wished to have the matter reinstated. On October 4, 1935, the defendant, through his present counsel, filed the motion under discussion.

On October 8, 1935, counsel conferred with the court regarding this motion and stated at that time that the defendant "claimed he had

never received any notice or notices" from his former counsel "and that in September or October, 1934, when the case was in order for trial, he was in the West." The presiding justice then told counsel that if he would produce the defendant before the end of the term and "could convince the court that the defendant received no such notices and was, in fact, in the West during that period," the motion would receive further consideration. Thereupon counsel endeavored to reach the defendant by telephone and telegraph, but was unable to do so because of the defendant's absence from the state. On October 11, which was the last day of the term, the court denied the defendant's motion, with special findings that "the defendant gave little or no attention to his case," that he "was guilty of laches in filing his petition of October 4, 1935 and in following up the same," and that justice did not require the reinstatement of the case upon the docket.

In the absence of evidence to the contrary, the trial court was obliged to assume that the defendant received the letters apprising him of impending action in the case and ignored them. *Wilson* v. *Insurance Co.*, 77 N. H. 344, 346; *Watson* v. *Carvelle*, 82 N. H. 453, 454. A finding to this effect is necessarily implied from the facts reported. No formal attempt was made to reopen the case until nearly a year after the issuance of the execution, and the motion then filed was not supported by affidavits. The defendant did not except to the special findings, and the question whether, in view of P. L., c. 342, s. 4, the court could properly hold the defendant guilty of laches for failing to file his motion promptly is not presented by the record. The only ground on which the defendant claims to be aggrieved is the alleged fact that the court denied his original motion without hearing any evidence in his behalf or giving him a reasonable opportunity to be heard.

The conference between counsel and the court on October 8 constituted an informal hearing (*Vidal* v. *Errol*, 86 N. H. 585), which, according to counsel's own understanding of the situation, the court was willing to hold open until the close of the term for the introduction of the defendant's testimony. The fact that the presiding justice limited the time within which this testimony would be received cannot, in view of the defendant's previous dilatory conduct, be deemed an abuse of judicial discretion. What justice required under the circumstances was a question of fact for the decision of the trial court. *Hutchinson* v. *Railway*, 73 N. H. 271, 284; *Shea* v. *Starr*, 76 N. H. 538, 541. See, also, *Lamarre* v. *Lamarre*, 84 N. H. 441, 444, 445, and cases cited.

The defendant in his bill of exceptions enumerates as items of fact matters of mere argument and contention. The court may well have disallowed the bill because it was not "conformable to the truth of the case." P. L., *c.* 315, *s.* 8. Furthermore, the bill does not purport to present any question of law not raised by exceptions previously taken, all of which are included in the reserved case and have been considered.

*Exceptions overruled.*

All concurred.