Strafford,
June 3, 1952. } No. 4111.

ARMAND LEPAGE *v.* EDWARD THEBERGE.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

KENISON, C. J. There was sufficient evidence from which the jury could find that the defendant had failed to keep a proper and adequate lookout for traffic ahead of him on the highway. The jury were not required to accept the defendant's claim that he was blinded by lights of an approaching car seventy feet from the scene of the accident but could accept the plaintiff's testimony that this occurred three hundred feet from the scene of the accident. There was evidence that traffic could be seen four to five hundred feet away and it could be found that the defendant should have seen the truck sooner than he did if he had maintained an adequate lookout prior to the accident. Defendant stated that when the plaintiff reached into the back seat for his hat he patted the defendant's dog. It was at least arguable from the evidence that the defendant may have been observing the plaintiff's actions rather than maintaining a lookout for traffic. Motions for a nonsuit and a directed verdict

were properly denied. *Berounsky* v. *Ogden*, 90 N. H. 334; *Mac-Donald* v. *Appleyard*, 94 N. H. 362; *Stanley* v. *Bowen Bros.* 96 N. H. 467.

The plaintiff had been a passenger in the defendant's car most of the day. At no time did he exercise any control over its operation or was there any occasion for him to do so. The defendant's car was in good working order and there was no evidence that the defendant was an incapable operator prior to the accident. The plaintiff was entitled to rely on the assumption that the defendant would continue to be careful in his operation of the motor vehicle. On these undisputed facts there was no evidence in the case that the plaintiff was contributorily negligent in failing to keep a lookout and it was proper for the Court to so advise the jury in its charge. *Hoen* v. *Haines*, 85 N. H. 36. A passenger is under no duty to maintain a lookout ahead for dangers in the absence of knowledge on his part that the driver is incompetent but is entitled to assume that the driver will act with due regard to the passenger's safety until the contrary is apparent. *Mason* v. *Andrews*, 86 N. H. 277, 279.

The trial of the case required two days but twelve days intervened between the first and second days of trial due to illness of defendant's counsel. He moved for a further continuance and a mistrial on the grounds that the delay was prejudicial to his case, that his physical condition was not normal and a witness, who had agreed to be present, was not available. Since the plaintiff had practically completed his case, the Court thought that the prejudice, if any, was more likely to affect the plaintiff rather than the defendant and denied the motions. The name and nature of the testimony of the missing witness was not made known and there was some indication that the witness may have already appeared in court and been subject to cross-examination. The discretionary denial of a continuance and a mistrial on these facts discloses no error. *Hutchinson* v. *Railway*, 73 N. H. 271; 4 West's N. H. Digest 348; Superior Court Rules 36, 37 (93 N. H. appendix).

Two witnesses testified that they could see without headlights after the accident and that the lights of their motor vehicles were not on at that time. It is urged that this evidence is vague, prejudicial and erroneously admitted. Evidence of visibility at the time of the accident and shortly thereafter had a direct bearing on the issue of negligence and was admissible whether given by a layman, a police officer or an expert. VII Wig. Ev. (3rd *ed.*) *s.* 1977; *Hardy* v. *Merrill*, 56 N. H. 227, 241; II Wig. Ev. (3rd *ed.*) *s.* 460. Another

exception to the admission of evidence relates to a question asked the plaintiff's doctor which was objected to as leading. The discretion of the Trial Court in the admission and exclusion of leading questions is not lightly overturned in this jurisdiction. *Atherton* v. *Rowe*, 89 N. H. 196, 200. This is not a case of a series of leading questions being permitted (*Rogers* v. *Nelson*, 97 N. H. 72, 75) and the exception is overruled. Objection was also made to the introduction of mortality tables on the issue of damages. There was evidence that plaintiff's disability would continue beyond the date of the trial, that his head was not normal, and that the injury was of a permanent nature and that if there was to be a recovery, it would have occurred one or two years after the accident. Since there was evidence that he would suffer pain in the future from an injury of a permanent nature, the introduction of the life expectancy tables was competent. *Watkins* v. *Holmes*, 93 N. H. 53; *Dunham* v. *Stone*, 96 N. H. 138; *Russell* v. *Stores*, 96 N. H. 471.

Revised Laws, Chapter 119, section 7, provides that headlights on motor vehicles shall be displayed when "operated during the period from one-half hour after sunset to one-half hour before sunrise, and whenever rain, snow, or fog shall interfere with a proper view of the road . . . ." The following section (*s.* 8) requires motor vehicles to have a red taillight and a white light illuminating the rear registration plate "when on the highways of this state *at night* . . . ." Emphasis supplied. This section also requires reflectors on the rear end of trucks.

The Court in its charge quoted the pertinent part of the statute (*s.* 8) without specifically defining the phrase "at night." After the charge the defendant excepted to the failure of the Court to charge as a matter of law that the accident happened at night. The Court then gave a supplemental charge to the jury in which they were advised that the statute applied if they decided it was night at the time of the accident but not otherwise. The jury were advised: "It is for you to say what night is. I will leave that up to you." The defendant excepted to the supplemental charge on the ground that it failed to define the meaning of the word "night."

Defendant argues that the word "night" as used in section 8 means after sunset. If the statute is to be so construed, the Court would be required to instruct the jury that night occurred at 6:08 on the day of the accident. The plaintiff takes the position that night within the meaning of section 8 must necessarily mean the same as the time in section 7, namely, one-half hour after sunset.

Under this construction of the statute lights on the truck would not be required until 6:38. If the defendant's construction is accepted, it means that motorists must turn on their taillights before they are required by law to turn on their headlights. This is a strange requirement to impute to the Legislature, inasmuch as both sections were passed at about the same time and have been modified together from time to time. It is logical to assume that if the Legislature had intended any such incongruous result, they would have used more specific language to accomplish that purpose. Furthermore, it is a matter of common knowledge that headlights and taillights under present conditions operate together and on the same switch. If it is safe for motor vehicles to proceed without lights one-half hour after sunset, it is no more dangerous that the taillight remain unlighted during that period. We construe the provisions of section 8 in connection with section 7 so that the phrase "at night" means the period one-half hour after sunset to one-half hour before sunrise.

The time of the accident was clearly a question for the jury to decide. The defendant's testimony that the accident occurred at twenty minutes of seven could be believed by the jury. This testimony was never repudiated by the witness even though he admitted on cross-examination that by certain estimates and calculation of speed he could have arrived at the scene of the accident about 6:17. Since the jury were free to find the accident took place at a time when the statute required taillights on the truck, it was necessary that the jury be instructed as to the meaning of the phrase "at night." The manner in which the matter was left to the jury allowed them to determine the legal meaning of night as a question of fact without limitation. This was error and since it involved one of the main disputed points in the case cannot be regarded as harmless. The jury were entitled to be instructed on the law applicable to the case and the meaning and possible application of section 8 of the motor vehicle law. Failure to be so instructed allowed the jury to interpret the statute without any standards to guide them. Under the circumstances of this case, we cannot say as a matter of law that it was harmless error.

*New trial.*

All concurred.