Coos,
No. 5332.

### Edward Demers & a. v. Kenneth Bisbee & a.

Argued April 7, 1965.
Decided June 30, 1965.

*George H. Keough* (by brief and orally), for the plaintiffs.

*Burns, Bryant & Hinchey* and *Robert P. Shea* (*Mr. Shea* orally), for the defendants.

DUNCAN, J. These are three actions of case (RSA 507:5) against the sheriff of Rockingham county and his deputy. See RSA 104:28. In each case the writ contained the following declaration:

"In a plea of the Case for that: on the sixth day of June, 1962, the said defendant Bisbee, a deputy sheriff properly appointed by said defendant Sampson, the Sheriff of said county of Rockingham, was mailed proper Court process with your plaintiff also the plaintiff in said process, commanding him to serve trustee process on the Builders Lumber and Supply Corporation, of Londonderry in said Rockingham. That the process was mailed to him by registered mail and due notice that same awaited him at the U. S. Postoffice at said Derry was duly left at his legal residence on the seventh day of June 1962. It being then and there the legal duty of said deputy sheriff to call for said process at said postoffice at once, and to serve same forthwith. Yet the said deputy sheriff, wholly regardless of his legal duty aforesaid did fail to do so, but rather, heedlessly and negligently did allow said process of your plaintiff to remain in said postoffice until the thirteenth day of said June, and in the interim did accept and serve two other writs of trustee process against the funds in the hands of the named trustee corporation, whereby the suit of your plaintiff was rendered virtually worthless, to the damage of the plaintiff as he says . . . . "

The defendants' demurrer in each case was sustained subject to exception, and all questions of law presented by the exceptions were reserved and transferred by the Presiding Justice (*Leahy*, C. J.).

In support of the ruling of the Trial Court, the defendants properly point out that in case of an action against an officer for default in serving process delivered to him it must be alleged that there was a cause of action against the defendant named in the original process, and that damage was caused by the officer's default; and that a declaration is bad on demurrer which does not so allege. *Webster* v. *Quimby*, 8 N. H. 382, 384. The principle applies to the writs in the instant cases. However since this is an omission which the plaintiffs assert may be supplied by amendment, we turn to the defendants' further contention that the writs are defective for want of allegations of a duty owing to the plaintiffs.

We take it to be true that a sheriff's duty to execute process directed to him does not arise until the same is delivered to and

accepted by him. His duty upon delivery of the process is to execute it with due diligence. RSA 104:5, 10; 27:1 *Pierce* v. *Jackson*, 65 N. H. 121, 123; Mechem, Public Officers, *ss*. 744, 752.

The declarations in the writs now before us however do not claim a breach of this duty, nor is delivery of the process to the defendant deputy alleged. It was early established that mere proof of mailing of legal process to a sheriff is not of itself evidence of delivery to the officer. *Woodman* v. *Jones*, 8 N. H. 344. The duty alleged by the plaintiffs is a supposed duty on the part of the deputy to seasonably call at the post office for registered mail of which he has been duly notified. According to the plaintiffs' allegations, notice was left at the deputy's residence on June 7, 1962, but the mail was not called for until June 13, 1962.

With respect to these allegations, the defendants contend that the writs do not allege actual knowledge on the part of the deputy of the delivery of the notice to his residence. They argue that in the absence of actual notice, both of the fact that registered mail awaited him, and that it contained legal process, the defendant deputy was under no duty to the plaintiffs to call for the mail.

We think that it must be true that sheriffs and their deputies, like other public officers, are under a general duty to exercise reasonable skill and diligence in the performance of their official duties. RSA 27:1, 5; *Manchester Sav. &c. Ass'n* v. *Letendre*, 103 N. H. 64, 70-71. See *Cumberland* v. *Pennell*, 69 Me. 357, 365; 43 Am. Jur., Public Officers, *ss*. 267, 279. In default thereof they may be answerable to persons sustaining special damage as a result. *Manchester Sav. &c. Ass'n* v. *Letendre*, *supra*. Whether the failure of the deputy to call for registered mail within six days after notice of its arrival constituted lack of diligence is a question of fact, to be determined in the light of the surrounding circumstances.

The official duties of sheriffs and their deputies are numerous and diversified. In the ordinary course however, a notice left at an officer's abode would be expected to come to his attention before the expiration of six days (see *Sampson* v. *Conlon*, 100 N. H. 70, 73) and he might reasonably be held to appreciate that registered mail would probably pertain to his official duties. Likewise, in the absence of special circumstances, reasonable diligence would dictate that a notice of registered mail should be responded to with reasonable dispatch. If legal process left at

a defendant's abode is properly calculated to be at least presumptive notice of suit (RSA 510:2; *Pike* v. *Scribner*, 101 N. H. 314; see *Currier* v. *Gilman*, 55 N. H. 364) a notice from the post office of registered mail for a sheriff, when left at his abode, should likewise be prima facie evidence of actual notice to him. See *Clark* v. *Bradstreet*, 99 N. H. 55, 58; *Duncan* v. *McDonough*, 105 N. H. 308, 309.

We therefore are of the opinion that apart from the defects first herein described, plaintiffs' writs alleged a cause of action which if proved would be sufficient to cast upon the defendants the burden of justifying the unexplained delay on the part of the deputy.

Upon proper amendment of the writs to allege the existence of causes of action against the defendants named in the process forwarded to these defendants, and that the officer's default caused damage to the plaintiffs, the actions at bar may be maintained.

*Remanded.*

All concurred.