Rockingham,
No. 5620.

ELLIOT R. BROWN

*v.*

ALLEN M. TEEL *& a.*

Argued September 6, 1967.
Decided December 29, 1967.

*Shute, Engel & Frasier ( Mr. Francis J. Frasier* orally ), for the plaintiff.

*Perkins, Holland & Donovan ( Mr. Robert B. Donovan* orally ), for the defendants.

KENISON, C. J.   The plaintiff, a realtor, brought this action to recover damages for breach of contract. The contract was an exclusive real estate listing agreement effective for one year for the sale of the defendants' home. The plaintiff claimed the agreement was executed on October 11, 1965 ( a Monday ); the defendants claimed the agreement was executed on October 10, 1965 ( a Sunday ). The home was sold by another realtor within the one-year period. Trial by a master who found that there was adequate consideration for the agreement, that it had not been terminated

but that it was executed on Sunday, October 10, 1965 and "was therefore . . . invalid and unenforceable." The master's recommendation that there be judgment for the defendants was approved by the Superior Court ( *Grant,* J. ) who transferred and reserved the exceptions of the parties.

The plaintiff's exception to the master's finding that the agreement was executed on a Sunday is overruled. The evidence was conflicting but there was support in the record for the master's finding which is binding on this appeal. *Hines* v. *Donovan,* 101 N. H. 239, 240; *Hahn* v. *Hemenway,* 96 N. H. 214; *Streeter* v. *New England Box Co.,* 106 N. H. 146, 148.

RSA 578:3 reads in pertinent part as follows: "No person shall do any work, business, or labor of his secular calling, *to the disturbance of others,* on the first day of the week, commonly called the Lord's Day, except works of necessity and mercy . . . ." ( Emphasis supplied ). In *Varney* v. *French,* 19 N. H. 233, 238, decided in 1848, it was held that any contract made on Sunday, except one of necessity or mercy, must necessarily be to the disturbance of others: "If a person should desire to buy a horse, he would have no right to go to the owner on the Sabbath and make his propositions for the sale, because that would tend to disturb the quiet of the owner on the day which the statute intended should be respected. And even if the owner be willing to be thus disturbed, that willingness will not make the contract valid, for the disturbance is prohibited by statute." This somewhat circular reasoning was followed in *Smith* v. *Foster,* 41 N. H. 215, 223-224, decided in 1860.

More than a century later it was noted that while the original enactment of Sunday laws ( RSA 578:3, 4 ) was motivated by religious considerations, the many exceptions subsequently permitted by RSA 578:5 indicated "a decided change in the purpose of this legislation" which was to provide a uniform day of rest. *State* v. *Rogers,* 105 N. H. 366, 368, 369. "In the light of the evolution of our Sunday closing laws, and especially the fairly recent and continuing emphasis by our Legislature on secular considerations, we hold that even though our laws retain some of their original religiously associated language, they are now essentially secular rather than of a religious character . . . . " *State* v. *Rogers, supra,* 371, and cases cited.

The present underlying purpose of RSA 578:3 is to provide a uniform day of rest and prohibit persons from work, business

or labor of their secular calling which is "to the disturbance of others." The solicitation of exclusive real estate listing agreements by realtors could well be to the disturbance of others. *Cf.* Annot. 172 A.L.R. 411; *Chadwick* v. *Stokes,* 162 F. 2d 132 ( 3d Cir. 1947 ). However in the present case it appears that the parties were willingly assembled in the defendants' private home, without solicitation by the plaintiff, for the purpose of executing an agreement authorizing the sale of the defendants' home by the plaintiff. Under any realistic meaning of the phrase in the twentieth century this cannot be considered an activity "to the disturbance of others" as used in RSA 578:3. The ruling below that the agreement executed by the parties "was therefore . . . invalid and unenforceable" was based on the rationale of *Varney* v. *French,* 19 N. H. 233 and *Smith* v. *Foster,* 41 N. H. 215. These cases are no longer viable, and are overruled and the ruling is reversed.

The defendants contend that the plaintiff breached his duty to use sufficient efforts to promote the sale of the property. *Fischer* v. *Patterson,* 97 N. H. 318, 321. The master found that the plaintiff did fulfill his obligations under the agreement and this was a permissible finding on the evidence. *Hoskins* v. *Fogg,* 60 N. H. 402. Accordingly defendants' exception thereto is overruled. Defendants' final contention is that the plaintiff's agency to sell was terminated prior to the sale. While a principal ordinarily has the power to revoke an agency ( Restatement ( Second ), Agency, *s.* 118, *comment* b ), he may not terminate it in violation of the contract of employment without incurring liability. Restatement ( Second ), Agency, *s.* 450. The master found that the plaintiff was entitled to a commission ( aside from the question of it being a Sunday execution ) under a binding contract. Consequently the defendants could not terminate their contract with the plaintiff without liability by selling the property through another agent in violation of their contract with the plaintiff. *Hoskins* v. *Fogg,* 60 N. H. 402.

*Plaintiff's exceptions sustained in part; defendants' exceptions overruled; remanded.*

All concurred.