Rockingham,
No. 5886.

EXETER CO-OPERATIVE BANK

*v.*

MARY H. CLARK & *a.*

Submitted May 7, 1969.
Decided July 30, 1969.

*Shute, Engel & Frasier*, for the plaintiff, filed no brief.

*Flynn, Powell & McGuirk,* for the defendant Ray The Mover, filed no brief.

The defendant Mary H. Clark, *pro se,* filed no brief.

PER CURIAM. The basic issue is what claims the defendants have to the amount remaining from the proceeds of a foreclosure sale after the satisfaction of obligations secured by a first and second mortgage on the foreclosed property and payment of the costs of foreclosure.

The total funds available for distribution, paid into the hands of the clerk of court, were found to amount to $2,572.54. The master recommended distribution of these funds in accordance with an agreement of the defendant creditors. The record discloses that the creditors had real estate attachments on the foreclosed property formerly belonging to Mary H. Clark and that they had reduced these claims to judgment.

The master's concluding recommendation is as follows: "The Master recommends that the Clerk of Court be directed to distribute the retained funds accordingly, and that upon said distribution having been made, the petitioner be discharged from all liability to any and all of the petitionees insofar as said funds are concerned."

The transcript discloses that the master allowed Mary H. Clark wide latitude in testifying, cross-examining witnesses, and in argument. Much of the evidence introduced by this defendant related either to matters in these involved and protracted proceedings which had already been disposed of in previous actions, or appear not germane to the case before the court.

It is axiomatic that such conflicts as might be found in the relevant testimony and the belief or disblief of witnesses and parties were for the trier of facts to resolve. *Lester* v. *Lester,* 109 N. H. 359; *Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491, 493. The findings and recommendations of the master are supported by the entire record and the Trial Court's decree is sustained. *Duane* v. *Northeast Handling Systems,* 107 N. H. 260, 262; *Romano* v. *Company,* 95 N. H. 404, 406.

*Exceptions overruled.*