Merrimack
No. 7037

JOHN M. HOGAN AND MAURENE G. HOGAN

v.

ARCHER J. LEARY, INDIVIDUALLY AND
AS EXECUTOR AND ADMINISTRATOR OF THE
ESTATE OF MAUDE I. PUTNEY

February 28, 1975

*John M. Hogan,* by brief and orally, for the plaintiffs.

*Maynard, Dunn & Phillips (Mr. William Maynard* orally) for the defendant.

PER CURIAM. Plaintiffs, who are husband and wife, gave a check dated August 4, 1972, to the defendant as a deposit on a tract of land in Bow. On August 29, 1972, a purchase and sale agreement was signed by the parties with a sale price of $11,500 and acknowledging the $1,000 check as a deposit. The agreement provided: "If Buyer defaults he waives claim to the deposit above which becomes the property of the Seller . . . as liquidated damages." On October 5, 1972, the plaintiffs wrote a letter to defendant rescinding their agreement to purchase and on November 13, 1972, brought this action for return of their deposit. Trial before a Master *(Leonard C. Hardwick,* Esq.) resulted in a verdict for defendant approved by *Batchelder,* J. Plaintiffs' exceptions were reserved and transferred by *Johnson,* J.

The plaintiffs filed no requests for findings or rulings, nor any objections to the acceptance of the master's report. Plaintiffs' motion for a new trial was filed in reliance upon the three-year time limit contained in RSA 526:4 for petitions for a new trial after *judgment* founded on information learned after *judgment.* It was filed too late for the relief the plaintiffs sought, which was to set the *verdict* aside for alleged errors in the trial governed by the time limit under the rules of court for such motions. RSA 491 App. R. 68 (Supp. 1973).

In view of the unfamiliarity of plaintiffs' counsel with our practice and procedure, we have reviewed the case as though motions were made and denied, subject to exception, which would require such review. We have reviewed plaintiffs' claims and arguments contained in the pleadings, transcript, and briefs to determine whether the verdict should stand. It is axiomatic that the findings of fact by a master are binding upon this court if supported by evidence *(Brown v. Teel,* 108 N.H. 365, 236 A.2d 699 (1967)), and "such conflicts as might be found in the relevant testimony and the belief or disbelief of witnesses and parties were for the trier of facts to resolve." *Exeter Co-operative Bank v. Clark,* 109 N.H. 503, 504, 256 A.2d 653, 654 (1969).

The plaintiffs first claimed that the agreement was void by reason of their intoxication when they executed it. The evidence fully supports the rejection of this claim by the master. The evidence

also supports the master's finding that the defendant was not fraudulent in his dealings with the plaintiffs or guilty of misrepresentation. This finding disposed of several claims of fraud and misrepresentation made by the plaintiffs, including a claim that the defendant represented that title to the property was in his name when in fact it was in the estate of Maude I. Putney.

The incident of title being in the Putney estate was also the basis for a claim that defendant could not deliver good title. The defendant was the executor and residuary legatee of Maude I. Putney, and as executor had obtained from the probate court on July 25, 1972, a license to sell the land in question to pay debts and expenses of the estate. Plaintiff John M. Hogan testified he was worried about the possibilities of a will contest and the validity of the license to sell issued by the probate court. The master found that the license issued by the probate court authorized the defendant to sell and convey the property and that he could give good title. John M. Hogan did not claim to be a title expert and no evidence was offered that the title would not be acceptable in a mortgage to a bank. *Paradis v. Bancroft,* 97 N.H. 477, 91 A.2d 925 (1952); *see* Prugh, *Risks in Title Examinations,* 8 N.H.B.J. 150, 159 (1966). The master's finding must be sustained.

Counsel for the plaintiffs waived various motions for summary judgment which he had filed but mentioned that he was not waiving a request for admission of certain facts. The master could fairly have assumed they were waived during trial by the fact that counsel did not specifically call them to his attention and introduced evidence on both facts relied upon now as admitted. In any event, if the plaintiffs' claim that these facts are true is accepted, they do not affect the result in the case. Plaintiffs rely upon a statement that defendant did not tender a deed. The master found that the "defendant was at all times ready, willing and able to convey the property and to give good and marketable title." The facts found by the master indicate there was never any occasion for the defendant to tender a deed since plaintiffs were never ready to complete the purchase and they repudiated the contract on October 5, 1972. In this situation, no tender by the defendant was required. *Lowell v. First Church of Christ,* 101 N.H. 363, 143 A.2d 671 (1958); *Lancaster Development Corporation v. Kattar,* 110 N.H. 163, 262 A.2d 278 (1970); *Cunningham v. Singer,* 111 N.H. 159, 277 A.2d 318 (1971).

*Judgment for the defendant.*