Belknap
No. 7330

MARY CROSS

v.

JOHN LINSKI & a.

February 27, 1976

*Wescott, Millham & Dyer (Mr. Peter V. Millham* orally) for the plaintiff.

*Upton, Sanders & Smith (Mr. Robert W. Upton II* orally) for the defendant.

GRIMES, J.   This transfer involves a bill in equity to set aside a tax

deed. The issues to be determined are (1) whether it was error to refuse to rule there is a presumption of receipt of a letter mailed, (2) whether it was error to charge the plaintiff with notice, (3) whether the town should have been required to sell the personal property prior to the sale of the real estate, (4) whether the sale was void as a result of the failure to meet the statutory requisites, and (5) whether it was error to exclude certain evidence. Trial before a Master *(Leonard C. Hardwick,* Esq.) resulted in a verdict for defendant which was approved by the court. Plaintiff's exceptions were reserved and transferred by *Batchelder,* J.

In 1960, the plaintiff purchased a lot on Sawyer Lake in Gilmanton, at which time she constructed the shell of a chalet. Plaintiff received a deed in 1965, and paid the tax bill for the years 1965, 1966 and 1967. From 1965 to the present time, plaintiff has resided at three different locations outside of Boston, Massachusetts. Plaintiff failed to pay the taxes on the property for the years 1968, 1969, 1970 and 1971. It was her claim that in 1968 she received no tax bill, although the tax collector claimed that the bill was mailed to plaintiff's last known address. On August 23, 1969, the tax collector forwarded a notice of tax sale by certified mail, but the envelope was returned "Unknown, Unclaimed." Notice of the tax sale was posted in two public locations. The tax sale was held at the town hall on September 20, 1969, and the property was purchased by defendant John Linski through his bid of the unpaid taxes, interest and costs.

In October 1971, Attorney Paul Normandin on behalf of plaintiff contacted the tax collector to inquire as to the status of the property. Counsel was informed that if the total taxes were paid prior to November 20, 1971, the lot would be redeemed. Plaintiff mailed a check for the required $444 to Mr. Normandin, which in turn was mailed to the collector before a tax deed was given to defendant. However, on December 29, 1971, a tax deed to the property was delivered to defendants John and Irene Linski.

At trial, plaintiff made a request for a ruling of law that the check mailed to the tax collector was presumed to have been received. The request was denied. Assuming that, in general, there is such a presumption in the absence of other evidence *(Woodsville Fire District v. Cray,* 88 N.H. 264, 266, 187 A. 478, 479 (1936); *Wilson v. Insurance Co.,* 77 N.H. 344, 346, 91 A. 913, 914 (1914); *Sabre v. Smith,* 62 N.H. 663, 665 (1883); *C.F. Demers v. Bisbee,* 106 N.H. 354, 357, 211 A.2d 416, 418 (1965)), there was evidence to the contrary in this case. The master found as a fact that the letter "was never

received by the tax collector." Under the circumstances, it was not error to deny the request.

Plaintiff contends that she should not be charged with notice of the tax sale as she did not receive such notice, as the letter was returned without delivery to her. RSA 80:21 which specifies the requirements of notice of the tax sale states in pertinent part, "[The collector] . . . shall also, at the same time, send a like notice by registered mail to the last known postoffice address of the owner or of the person against whom the tax was assessed." The evidence shows that a notice of sale was sent by registered mail to the last known address of the plaintiff. This is all that is required. *Coleman v. Hooksett,* 111 N.H. 337, 339, 283 A.2d 681, 682 (1971). *See also Dugan v. Association,* 92 N.H. 44, 46, 23 A.2d 873, 875 (1942).

The master found that the report of the tax sale of September 20, 1969, was not mailed to the Belknap County Registry of Deeds until October 6, 1969, which was after the fifteen-day limit prescribed by RSA 80:27. Plaintiff urges that this invalidates the sale. The master ruled that this delayed filing did not invalidate the deed subsequently given to the defendants. We cannot say that the master erred in this ruling. "As to the character and extent of irregularities which will defeat the proceedings for the collection of taxes, it may not be easy to state a general rule. The authorities are generally agreed that a failure to comply with requirements which have regard simply to the due and orderly conduct of the proceedings, or to the protection of the public interest, as against the officer, so that to the taxpayer it is immaterial whether it was complied with or not, is not recognized as a ground of complaint by him." *Weeks v. Waldron,* 64 N.H. 149, 5 A. 660 (1886). We cannot say that the delay in filing under the facts of the instant case caused such injustice to the plaintiff as should cause us to hold the sale void. The neglect of the tax collector to seasonably file a copy of the report of sale should not defeat the title of a bona fide purchaser acquired under a legal sale where the purchaser was not in fault. *Langley v. Batchelder,* 69 N.H. 566, 46 A. 1085 (1899); *Cahoon v. Coe,* 52 N.H. 518, (1872); *Wells v. Jackson Iron Mfg. Co.,* 47 N.H. 235 (1866); *cf.* Annot., 117 A.L.R. 726 (1938). This situation is unlike that in *Rivard v. Ross,* 99 N.H. 299, 109 A.2d 857 (1954), where the tax sale was held invalid. In that case the tax collector failed to meet the statutory requisite of giving notice, which would have allowed the taxpayer the opportunity to pay the taxes and save the property from sale. *See also Salem v. Sperber,* 88 N.H. 374, 189 A. 865 (1937).

It does not appear that such opportunity was denied plaintiff in the instant case by the delay in filing.

Plaintiff further complains that the statutory requirement of RSA 80:22 was not complied with as the notice of the tax sale was not recorded in the registry of deeds within fifteen days after the posting. Although the master granted plaintiff's request for a finding of fact in this matter, in his report the master stated that the tax collector mailed to the register of deeds for the county on September 5, 1969, a copy of the posted notice together with an affidavit that the notice had been duly posted and a copy mailed to the taxpayer in compliance with the statute. The report states that these were received by the register on September 8, 1969, less than fifteen days after the posting and mailing of the notice, thereby complying with the requisites of RSA 80:22. These findings of fact by the master are supported by evidence and are thereby binding upon this court. *Hogan v. Leary,* 115 N.H. 88, 89, 333 A.2d 724, 726 (1975); *Brown v. Teel,* 108 N.H. 365, 366, 236 A.2d 699, 700 (1967).

Plaintiff next contends that the tax collector was under an obligation to sell the personal property of the plaintiff in satisfaction of the tax bill prior to the sale of the real estate. We can find nothing in the statutory scheme which would require the collector to first distrain the personal property of the plaintiff under the provisions of RSA 80:8 and :10 prior to a tax sale of the real estate. RSA 80:20 states, "Such real estate may be sold by the collector, in case the owner or person to whom the same is assessed shall die or remove from town and leave there no personal estate on which distress can be made; or in case such person or corporation shall neglect or refuse to expose goods and chattels whereon distress may be made; or in case such tax shall not be paid on or before December first next after its assessment." As the tax remained unpaid on December first following assessment by the tax collector, it was within the sound discretion of the collector to order a sale of the real estate.

Plaintiff's final contention is that it was error to exclude evidence as to the value of the plaintiff's land and to refuse to allow plaintiff's counsel to examine defendant John Linski concerning his experience in buying property at tax sales. The inadequacy of the purchase price given at a tax sale cannot constitute a valid objection to that sale. *Lawson v. McKinney,* 54 N.M. 179, 217 P.2d 258 (1950); 72 Am. Jur. 2d *State and Local Taxation* § 933 (1974). Nor is defendant's experience in buying at tax sales relevant to the

132

issue of the validity of the sale. Therefore, we cannot say that the trial court abused its discretion in excluding this evidence as irrelevant to the issues in the case.

*Exceptions overruled.*

All concurred.