Board of Taxation
No. 7062

HANOVER CONVALESCENT CENTER CORP.

v.

TOWN OF HANOVER

March 31, 1976

*Hamblett, Kerrigan, LaTourette & Lopez (Mr. Joseph M. Kerrigan* orally) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross (Mr. Gross* orally) for the defendant.

LAMPRON, J.   Appeal under RSA 76:16-a V (Supp. 1975) from the denial by the State board of taxation of plaintiff's motion for a continuance of a scheduled hearing in connection with its application for an abatement of the tax assessed against it for the year 1973 by the town of Hanover. The hearing was held as scheduled on October 24, 1974. The town presented evidence on the value of the plaintiff's property. Plaintiff did not appear and no evidence was offered on its behalf. The board of taxation denied plaintiff's petition for abatement. The plaintiff's appeal from the denial of the abatement is not before us. On the present appeal, plaintiff maintains that the board of taxation failed to comply with the requirements of procedural due process by failing to provide a hearing on its request for a continuance and that the board abused its discretion in denying the postponement.

On May 7, 1974, plaintiff by its attorney Arnold Bloom, Esq., of Massachusetts, filed an application with the State board of taxation for an abatement of the tax in question which the selectmen of Hanover had refused to abate. On September 10, 1974, in compliance with the requirements of RSA 76:16-a II (Supp. 1975), the board gave written notice to the town and to the plaintiff that a hearing was scheduled on this appeal for Thursday, October 24, 1974, at 10:15 a.m., at 19 Pillsbury Street in Concord, New Hampshire. Attorney Bloom received such a notice. On Monday, October 21, 1974, three days before the scheduled hearing, he filed a written request with the board for a postponement because: "I will be engaged at trial in Court in Massachusetts during that time [October 24th] . . . ." He referred to associate counsel in this State, Joseph M. Kerrigan, Esq. By letter dated October 22, 1974, the chairman of the board of taxation advised Attorney Bloom as follows: "Request for continuance denied. The Board assumes that counsel was aware of the date of the Massachusetts trial prior to October 21, 1974. Brother Kerrigan has not filed an appearance in this case."

There is no absolute right to a continuance of an administrative proceeding unless its refusal would constitute a denial of pro-

cedural due process or an abuse of discretion. *LePage v. Theberge,* 97 N.H. 375, 377, 89 A.2d 534, 536 (1952); *Cooper v. Board of Medical Examiners,* 123 Cal. Rptr. 563, 49 Cal. App. 3d 931 (Cal. App. 1975); *see* 17 Am. Jur. 2d *Continuances* §§ 3, 5, 15 (1964). "The touchstone of due process is protection of an individual against arbitrary action of government." *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). What constitutes procedural due process in a particular situation is determined by a balance of the competing interests involved *(Wolff v. McDonnell, supra* at 560, 561), or by a focus on satisfying the individual's basic needs for procedural protection. *Mathews v. Eldridge,* 44 U.S.L.W. 4224, 4233 (2/24/76); *see* Friendly, *Some Kind of Hearing,* 123 U. Pa. L. Rev. 1267, 1278 (1975); Note, *Specifying the Procedures Required by Due Process: Toward Limits on the Use of Interest Balancing,* 88 Harv. L. Rev. 1510, 1542 (1975).

With respect to an administrative agency's decision whether or not to grant a continuance, due process is satisfied when a party is given a meaningful opportunity to present reasons why the continuance should or should not be granted. *See United States v. Florida East Coast Railway Company,* 410 U.S. 224, 245 (1973). The matter can be effectively presented and decided upon written statements or affidavits, such as the one annexed to plaintiff's brief. 17 Am. Jur. 2d *Continuances* § 48 (1964). Hence, oral presentation and confrontation is not required. *See Lotto v. Commonwealth,* Mass. Adv. Sh. [1976] 530, 537.

The hearing which plaintiff sought to have continued had been scheduled more than forty days in advance for a specified date and time. Attorney Bloom's letter seeking a continuance gave as the only reason that he would be engaged in trial in Massachusetts. Nothing was said about which assignment had seniority or as to efforts to try to resolve the conflict. No reason was given why other counsel could not be present at the hearing. It is common knowledge that courts and administrative agencies are laboring under the burdens of heavy backlogs and congested dockets. They must be in a position to require that hearings take place as scheduled. The board of taxation in its letter denying plaintiff's abatement adverted to the fact that on December 3, 1973, the selectmen of Hanover had asked plaintiff for detailed figures with regard to the property in question and that this request had never been complied with.

On the record before us, we hold that the plaintiff has failed to

prove that in denying its motion for a continuance the board of taxation abused its discretion or that it denied plaintiff the procedural due process to which it was entitled.

*Appeal dismissed.*

GRIFFITH, J., did not sit; the others concurred.