Sullivan
No. 7101

FRANCIS H. PREGENT

v.

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY & a.

March 31, 1976

*Kennedy & Berkson, New Hampshire Legal Assistance,* and *Raymond J. Kelly (Mr. H. Neil Berkson* orally) for the plaintiff.

*Edward F. Smith, Joseph Stewart, Andre J. Barbeau,* and *Michael M. Black (Mr. Black* orally) for the New Hampshire Department of Employment Security.

KENISON, C.J. Francis H. Pregent, the plaintiff, appealed to the superior court from various decisions of the department of employment security which denied him unemployment compensation. The defendant department filed a motion to dismiss which asserted that the plaintiff had failed to exhaust his administrative remedies and that his appeal was not filed within the period prescribed by statute. After receiving one continuance the defendant filed two motions for a further continuance. The Superior Court (*Johnson,* J.) denied the defendant's motions, and, when the defendant defaulted, entered judgment for the plaintiff, and reserved and transferred the defendant's exceptions.

In June 1971, Francis Pregent was laid off. He applied for and received unemployment compensation. In January 1972, the department of employment security referred him to an employer who had an opening. Pregent investigated the job and refused to apply for it. A certifying officer of the department found (1) that Pregent had failed, without good cause, to apply for available, suitable work when so directed by the employment office and (2) that the plaintiff was not ready, willing and able to accept and perform suitable work. RSA 282:4 M and :3 C (Supp. 1975). An appeal tribunal affirmed this decision in March 1972. The commissioner reopened the case in part. After a further hearing the appeal tribunal again denied benefits in June 1972. The plaintiff again requested the commissioner to reopen the case, but the commissioner denied this request in July 1972.

Pregent then filed an action in federal district court. He claimed that he was entitled to a hearing before his benefits were terminated, that the procedures adopted by the department denied him due process of law, and that RSA 282:3 C (Laws 1965, 208:2) is unconstitutionally vague. A three-judge court held that "a hearing which complies with the minimum procedural due process

requirements as set forth in *Goldberg v. Kelly* [397 U.S. 254 (1970)] is both constitutionally and statutorily required before an individual who was initially determined to be eligible for unemployment compensation benefits can have his benefits subsequently terminated." *Pregent v. New Hampshire Department of Employment Security*, 361 F. Supp. 782, 794 (D.N.H. 1973). The court further held "that the plaintiff was not given adequate notice of the issues to be raised on appeal and that this amounted to a violation of his constitutional right to due process of law." *Id.* at 796. The court ordered that "a due process pretermination hearing . . . be held . . . to consider the issues of claimant's alleged refusal to apply for suitable work and his alleged 'unavailability.'" 361 F. Supp. at 800.

Pursuant to the federal court order the department appointed a "hearing officer" who held a hearing on August 10, 1973. The hearing officer ruled against the plaintiff in a written opinion which was mailed on August 31, 1973. The plaintiff appealed this ruling to the Sullivan County Superior Court on December 12, 1973.

The defendant's first contention is that the plaintiff failed to exhaust his administrative remedies. The defendant argues that the plaintiff should have appealed the hearing officer's determination to an appeal tribunal. RSA 282:5 C (Supp. 1975). The hearing officer's decision did not indicate what right of review, if any, the plaintiff had. *See Pomponio v. State,* 106 N.H. 273, 209 A.2d 733 (1965). The defendant seeks to apply literally the statute's procedural requirements to a case whose course was not contemplated by the statute. The statute provides for an initial determination by a certifying officer with an appeal to an appeal tribunal. RSA 282:5 B and C (Supp. 1975). The determination by the certifying officer is not based on a hearing. *See Pregent v. New Hampshire Department of Employment Security,* 361 F. Supp. 782, 790, 795 (D.N.H. 1973). Thus the appeal tribunal procedure serves at least two functions: It affords the claimant a hearing and it affords the department an opportunity to correct any mistake by the certifying officer. The procedure followed in the present case served both of these purposes. The August 10th hearing afforded the plaintiff due process. *See Pregent v. New Hampshire Department of Employment Security,* 361 F. Supp. 782, 797 (D.N.H. 1973). The department held three hearings on the plaintiff's claim, and denied it each time. The possibility that a fourth hearing would have reached a different result is small in comparison to the burden which the hearing would impose. *Cf. Metzger v. Brentwood,* 115 N.H.

287, 290-91, 343 A.2d 24, 26-27 (1975). This case followed a novel course outside the path charted by RSA 282:5 (Supp. 1975). The August 10th hearing was not held under the statute, but pursuant to the federal court order. In the particular circumstances of this case the provisions and policies of the statute did not require the plaintiff to seek review by an appeal tribunal of the hearing officer's decision.

The second ground presented in the defendant's motion to dismiss was the statute of limitations. When the hearing officer mailed his decision on August 31, 1973, RSA 282:5 G (1) provided a thirty-day period for appeals to the superior court from the decisions of appeal tribunals. Laws 1973, 119:1; *Ayotte v. Department of Employment Security,* 114 N.H. 147, 148, 317 A.2d 16, 17 (1974). The plaintiff filed his appeal on December 12, 1973. The delay from August 31 to December 12 is attributable to an ambiguity in the order of the federal court. The order can be read to bar review in the New Hampshire courts of the hearing officer's decision. Prior to the August 10th hearing the plaintiff filed a motion seeking an amendment of the order. Thus the defendant had notice prior to the hearing that the plaintiff would appeal any adverse decision to the New Hampshire courts. The federal court declined to rule on the motion at that time. After the August 10th hearing the plaintiff renewed his motion and the federal court granted it on November 30. In these circumstances the action of the federal court tolled the statute of limitations and the plaintiff timely filed his appeal. *Developments in the Law – Statutes of Limitations,* 63 Harv. L. Rev. 1177, 1233-34 (1950); *see Barchet v. New York City Transit Authority,* 20 N.Y.2d 1, 228 N.E.2d 361 (1967).

The defendant's final exceptions are to the denial of two motions for a continuance. The plaintiff filed his appeal in superior court on December 12, 1973. The defendant filed its first motion for a continuance in January 1974. The court granted this motion after a hearing on February 7, 1974. The order provided, "The case shall be set for hearing on the motions and the merits, if reached, on March 13, 1974." The defendant filed its second motion for a continuance on March 1 and its third on March 13. The court denied these latter two motions on March 13. The March 1st motion urged that it might be unnecessary to reach the merits. In view of the court's February 7th order, the defendant had no reasonable basis to believe that this motion would be granted. Moreover the mere filing of a motion for a continuance did not relieve the defendant of its duty to prepare for trial. The March 13th motion

relied on the absence of a witness. The defendant did not file the affidavit required by Superior Court Rule 43 showing "the particular facts which [the witness] is expected to prove." RSA 491:App. R 43 (Supp. 1975). Such an affidavit was filed several weeks later. The absent witness had testified at the August 10th hearing and his testimony was admissible under RSA 282:5 G (3). Moreover it appears from the record at the prior hearings that other witnesses had knowledge of the matters to which the missing witness was expected to testify. Finally the plaintiff offered to stipulate to the evidence which the missing witness would give. The trial court did not err in denying this motion. *LePage v. Theberge*, 97 N.H. 375, 89 A.2d 534 (1952); *McReel v. Scammon*, 100 N.H. 344, 126 A.2d 261 (1956).

The State did not bring in its witnesses for the hearing on March 13. The trial court directed that the trial begin, but indicated that the defendant would be given time to summon its witnesses. The defendant refused to proceed on this basis and argued that it had not had a fair opportunity to prepare its case. The trial court then entered a default against the defendant. The defendant must accept responsibility for the predicament it faced. Further it appears from the record that the defendant was in a reasonably good position to present its case. Its counsel stated that he had begun preparation for trial. The transcripts of the three administrative hearings, which would have been evidence at trial pursuant to RSA 282:5 G (3), show that the issues had been thoroughly tried before. The trial court gave the defendant an opportunity to summon its witnesses. In these circumstances we find no abuse of discretion in the rulings of the trial court. *Woodsville Fire District v. Cray*, 88 N.H. 264, 187 A. 478 (1936).

*Defendant's exceptions overruled.*

All concurred.