Hillsborough
No. 82-512

DIANE COTE

v.

ROBERT COTE

June 7, 1983

*Cullity & Kelley*, of Manchester (*George W. Roussos* on the brief), by brief for the plaintiff.

*Alexander M. Lachiatto*, of Franklin, by brief for the defendant.

PER CURIAM. This case is an action for divorce commenced by a libel dated December 20, 1981. The defendant's attorney filed an appearance on February 2, 1982, but withdrew as counsel on March 18, 1982. At the time of his withdrawal, the defendant's counsel advised the defendant by letter that he was withdrawing, and that the defendant should retain another attorney.

On March 29, 1982, the superior court mailed a notice to the defendant advising him that his attorney had withdrawn and that he should either obtain new counsel or file a pro se appearance by April 12, or that he would suffer a default. The court received no appearance on behalf of the defendant in response to its notice.

An uncontested hearing was held before a Master (*Bruce F. Dal-Pra*, Esq.) on May 13, 1982. When the defendant failed to appear, the master recommended that a divorce be granted, incorporating in part the plaintiff's proposed decree. This recommendation was approved by the Superior Court (*Bean*, J.), and the divorce became effective May 20, 1982.

On June 2, 1982, after receiving notice that a divorce had been granted, the defendant moved to vacate the decree, claiming that he had not received notice *from the court* of the withdrawal of his counsel, and that he was unaware of the hearing on the divorce libel. After an evidentiary hearing at which the defendant testified that he had not received the court's notice, the master recommended that the motion be denied, which recommendation was approved by the Superior Court (*Contas*, J.). The defendant then appealed the denial of his motion to vacate.

Superior Court Rule 20 states that when the attorney of a party withdraws his appearance, and no other appearance is entered, "the Clerk shall notify the party by mail of such withdrawal, and, unless he appears by himself or attorney by a date fixed by the Court, the action will be dismissed, non-suited, discontinued or defaulted. . . ." The master found that the clerk had mailed the required notice to the defendant before the default judgment was entered.

■■ The decision whether to vacate a judgment and strike a default is a matter within the trial court's discretion. *Brodowski v. Supowitz*, 122 N.H. 694, 695, 448 A.2d 430, 431 (1982). According to the preface to the Superior Court Rules, the defendant may be relieved from his failure to comply with Rule 20 if "due to accident, mistake, or misfortune and not through neglect, justice so requires."

■■ A trial court's finding of accident, mistake or misfortune is a finding of fact, and such a finding is final and conclusive unless it is unsupported by the evidence. *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 432, 445 A.2d 1119, 1121 (1982). We have no tran-

script of the evidentiary hearing before the master, and thus our review is limited to determining whether there is an error of law apparent on the face of the record. *Orford Teachers Assoc. v. Watson*, 122 N.H. 803, 804, 451 A.2d 378, 379 (1982).

■■ It is apparent from the master's recommendation to deny the motion to vacate the divorce decree that he implicitly found that there was no accident, mistake, or misfortune because the defendant had actually received notice from the court of the withdrawal of his counsel. This finding appears to have been based in part, if not totally, on the master's statement that in this State there is a presumption that a properly addressed communication has been received. This was an incorrect application of New Hampshire law. There is a presumption that a properly addressed mailed communication has been received in the absence of other evidence to the contrary. *Cross v. Linski*, 116 N.H. 128, 129, 354 A.2d 409, 411 (1976). In this case, while the defendant testified that he had received all communications from his counsel, he denied receiving the court's notice. Because there was evidence that the defendant did not receive notice from the court, the master erred in relying on the presumption. For this reason, we remand for a new hearing to determine whether there was accident, mistake, or misfortune in this case which would require the default judgment to be vacated.

*Reversed and remanded.*