### MARY E. WALES *vs.* ATHERTON WALES.

Bristol. October 28. — 29, 1875. WELLS & MORTON, JJ., absent.

The St. of 1873, *c.* 371, § 2, modifying the remedy given by the St. of 1870, *c.* 404, in proceedings for divorce for the cause of desertion, in cases where no judicial decree had been rendered, is within the constitutional power of the Legislature.

Under the St. of 1870, *c.* 404, providing for a decree *nisi* from the bonds of matrimony, for certain specified causes, including utter desertion, to be followed by an absolute decree in case the parties live separately for five years, a decree of divorce *nisi* was rendered at November term 1873 of this court upon a libel filed in May 1873, upon the default of the respondent after notice, for the cause of utter desertion from August 1872 to the date of the libel. The St. of 1873, *c.* 371, which took effect June 11, 1873, repealed the provision of the St. of 1870 authorizing the court to grant a divorce *nisi*, and provided that "no divorce shall be granted for desertion unless the desertion has continued for at least three consecutive years next prior to the filing of the libel for divorce." *Held*, upon a petition to set aside the decree, that the decree was unauthorized by law, and should be vacated.

PETITION to set aside a decree of divorce *nisi* from the bond of matrimony, rendered by a justice of this court at November term 1873, upon the default of this petitioner, after notice to her, on

a libel filed against her by the respondent on May 17, 1873, for the cause of utter desertion on August 15, 1872, and continued to the date of that libel.

The present petition alleged that by the St. of 1873, c. 371, which took effect June 11, 1873, it was not competent for the court to enter any decree whatever upon the libel. At the hearing before *Gray*, C. J., the allegations of the petition were proved, and it was ruled that the prayer thereof should be granted ; and, at the request of the respondent, the question of the correctness of this ruling was reserved for the consideration of the full court, according to whose opinion a decree was to be entered accordingly, or the petition dismissed.

*J. Daggett*, for the respondent.

*E. Ames*, for the petitioner, was not called upon.

GRAY, C. J. The original libel was filed under the St. of 1870, c. 404, for utter desertion, which, not having continued for five years, was not a cause for a divorce from the bond of matrimony under the Gen. Sts. c. 107, § 7.

Under the St. of 1870, the court could not decree a divorce from the bond of matrimony for the cause alleged, but only a divorce *nisi*, which was in the nature of a divorce from bed and board, did not dissolve the marriage, and could not be made absolute except upon a new petition filed not less than three years from the time of the first decree. St. 1870, c. 404, §§ 2, 3. *Graves* v. *Graves*, 108 Mass. 314. *Edgerly* v. *Edgerly*, 112 Mass. 53.

The St. of 1873, c. 371, § 2, repealed the provision of the St. of 1870 authorizing the court to grant a divorce *nisi*, but authorized a divorce from the bond of matrimony to be granted for the cause of desertion continued for three consecutive years before the filing of the libel for such divorce. As applied to cases of desertion, this statute merely changed and simplified the form of remedy, by substituting, for the double proceeding of a libel for a divorce *nisi*, and a petition to make it absolute at the expiration of not less than three years afterwards, as allowed by the St. of 1870, a single proceeding by a libel for an absolute divorce after the desertion had continued for three years. Such a modification of the remedy, in cases in which no judicial decree had been rendered, was clearly within the constitutional power of the Legisla

ture, and not open to the objections upon which the St. of 1874, *c.* 397, ¶ 1, was declared void in *Sparhawk* v. *Sparhawk*, 116 Mass. 315.

It follows that the decree of divorce *nisi*, granted in this case since the St. of 1873 took effect, was by inadvertence, without authority, and of no legal effect, and should therefore be set aside and vacated. *Edson* v. *Edson*, 108 Mass. 590. *Ex parte Crenshaw*, 15 Pet. 119. *Collins* v. *Taylor*, 3 Green Ch. 163.

*Petition granted.*