Belknap,
June 2, 1908.

## SWOROSKI *v.* SWOROSKI.

A married woman residing in another state may for cause acquire a domicile
apart from her husband by removing to this state with the intention of
making it her permanent home and actually residing here.

A wife who has acquired a domicile in this state apart from her husband may
be granted a divorce for causes accruing during her permanent residence
here and recognized by our laws.

The pendency of a divorce proceeding brought by a husband in another juris-
diction is not a bar to a similar action in this state by the wife who is per-
manently domiciled here.

LIBEL FOR DIVORCE, filed September 18, 1907, alleging extreme
cruelty and treatment seriously injuring health. The defendant
appeared specially, filed a plea to the jurisdiction of the court, and
entered a motion to dismiss the libel for want of jurisdiction. At
the November term, 1907, of the superior court, *Stone*, J., took
jurisdiction of the cause and denied the motion, subject to the
defendant's exception.

The grounds relied on in support of the plea were: That the
domicile of the defendant at the time the action was begun was
and now is in Massachusetts; that the plaintiff's domicile then was
and now is in Massachusetts; that prior to the filing of this libel,
the defendant in this action brought a libel for divorce in Massa-
chusetts against the present plaintiff, charging her with adultery,
and that she appeared by counsel in that proceeding and filed an
answer denying the allegations of the libel. The position taken
in the motion to dismiss was that the alleged cruelty and treatment

endangering health, of which the plaintiff complained, occurred before she took up her alleged domicile in New Hampshire.

The plaintiff introduced evidence in support of the allegations of her libel. It was found that she was married to the defendant in Massachusetts, February 1, 1896, and that they were both domiciled in that state until about January 1, 1906, when the plaintiff, for justifiable cause, left the defendant and came to this state with the intention of permanently residing at Center Harbor, where she has since lived and made her home. After the plaintiff came to New Hampshire to permanently reside, the defendant visited her home in Center Harbor and persisted in treating her in such a manner as to seriously injure her health. Upon these facts a decree was entered in her favor.

*Shannon & Tilton,* for the plaintiff.

*Stephen S. Jewett* and *Jeremiah J. McCarthy* (of Massachusetts), for the defendant.

BINGHAM, J.    A married woman residing in a sister state may for cause acquire a domicile apart from her husband by removing to this state with the intention of permanently making this her home and actually residing here (*Frary* v. *Frary,* 10 N. H. 61; *Payson* v. *Payson,* 34 N. H. 518; *James* v. *James,* 58 N. H. 266; *Foss* v. *Foss,* 58 N. H. 283; *Shute* v. *Sargent,* 67 N. H. 305); and a divorce may be granted to her by the courts of this state for causes which have accrued since taking up her permanent residence here and which are recognized by our laws as grounds of divorce. *Hopkins* v. *Hopkins,* 35 N. H. 474; *Leith* v. *Leith,* 39 N. H. 20, 40; *Foss* v. *Foss, supra.* Inasmuch, therefore, as it is found that the plaintiff left her husband in Massachusetts for cause, that she was domiciled in this state when this proceeding was commenced, that she had actually resided here for a year next preceding the beginning of the action, and that since making her permanent residence here had been so treated by the defendant as to seriously endanger her health, it is clear that the court had jurisdiction of the cause and could grant a valid decree of divorce.

The fact that the defendant had previously brought a proceeding for divorce against the plaintiff in Massachusetts, which was pending in the courts of that state at the time this proceeding was commenced, furnishes no ground for depriving this court of jurisdiction, or for abating this proceeding. The cause alleged in that proceeding is not the same as in this; and if it were, its pendency in Massachusetts would not be a ground pleadable in abatement of the present action. *Weeks* v. *Pearson,* 5 N. H. 324; *Goodall* v.

*Marshall*, 11 N. H. 88 ; *Yelverton* v. *Conant*, 18 N. H. 123 ; *Smith* v. *Insurance Co.*, 22 N. H. 21; *Rogers* v. *Odell*, 39 N. H. 452 ; *Moore* v. *Casualty Co.*, 74 N. H. 47 ; *Stevens* v. *Stevens*, 1 Met. 279 ; *Cordier* v. *Cordier*, 26 How. Pr. 187 ; *Simpson* v. *Simpson*, (Cal.) 41 Pac. Rep. 804 ; 1 Cyc. 34, 35, 36.

*Exception overruled.*

All concurred.