Rockingham, }
Feb. 7, 1911. }

### DRAKE v. DRAKE.

A decree *nisi* entered in a divorce proceeding in another state, which does not have the effect of dissolving the marriage, is not a bar to an action for divorce brought in this state during the pendency of the prior suit by the libelee therein.

LIBEL FOR DIVORCE, filed September 10, 1909. The libelee appeared specially and filed an answer alleging, in substance, that long before the present proceeding was begun she instituted a suit for a divorce in Massachusetts against the libelant, who did not appear, and that on December 10, 1909, a divorce *nisi* was granted her. At the hearing, February 17, 1910, the court found these allegations to be true, but granted a divorce to the libelant,

who is a resident of this state, subject to the libelee's exception. Transferred from the January term, 1910, of the superior court by *Plummer*, J.

*Page, Bartlett & Mitchell*, for the libelant.

*Burnham, Brown, Jones & Warren* and *George W. Anderson* (of Massachusetts), for the libelee.

WALKER, J. It is contended in behalf of the libelee that the decree *nisi* entered in the suit in Massachusetts precludes the prosecution of the suit in this jurisdiction, on the ground that it is a judgment upon the *status* of the parties. It is conceded that it did not have the effect of dissolving the marriage, which, under the statute of that state, could only follow after the expiration of six months from the date of the decree. Mass. R. L., *c.* 152, *s.* 18. During that time, upon the application of any party interested, the question whether the preliminary decree should even then become absolute might be considered by the court. "A decree of divorce entered *nisi* does not dissolve the marriage." *Chase* v. *Webster*, 168 Mass. 228, 230; *Wales* v. *Wales*, 119 Mass. 89. There was, therefore, no binding judgment of divorce in favor of the libelee, which would deprive this court of jurisdiction or constitute a bar to the maintenance of the libelant's suit. The libelee's action had not gone to judgment when this suit was begun, or at the time of the hearing. It was merely pending. The marriage between the parties still subsisted. Its dissolution was contingent and might never take place. Under such circumstances, it was held in the recent case of *Sworoski* v. *Sworoski*, 75 N. H. 1, that the pendency of divorce proceedings in another state by the husband is no bar to a similar action in this state by the wife whose domicile is here.

*Exception overruled.*

All concurred.