Rockingham
No. 7456

ANN E. BRAUN

v.

EDWARD H. BRAUN

November 30, 1976

*Flynn, Powell, McGuirk & Blanchard* and *Stephen L. Tober (Mr. Tober* orally) for the plaintiff.

*Shaines, Madrigan & McEachern* and *Sanford Roberts* by brief for the defendant.

PER CURIAM. The issue in this case is whether a Maryland decree granting Edward Braun a divorce from his wife Ann should be given effect in this State notwithstanding an apparently non-final New Hampshire decree, entered prior to the Maryland decision, granting Ann a divorce from Edward.

The somewhat complicated facts are as follows: In 1962 the

Brauns were married in New Jersey and moved to Maryland where they lived for twelve years. They have no children. On March 6, 1974, Ann left Edward and came to New Hampshire for approximately ten days with the alleged intention of making New Hampshire her new domicile. In May, after finishing her teaching assignment in Washington, D.C., she returned to New Hampshire and has resided here ever since. On March 3, 1975, she filed a libel for divorce on the ground that irreconcilable differences had arisen which caused the irremediable breakdown of the marriage. RSA 458:7-a (Supp. 1975). Fearing that the first libel was premature in view of the one-year domicile requirement, RSA 458:5, Ann filed a second libel on April 14, 1975. Edward moved to dismiss both libels on the ground that Ann had not satisfied the jurisdictional requirement of RSA 458:5.

Edward began divorce proceedings of his own in Maryland in May 1975 on grounds of desertion. At the trial in July, Ann appeared and contested the court's jurisdiction on the ground that there was a divorce suit pending in New Hampshire. The court rejected her arguments and Ann proceeded to defend on the merits.

On November 5, 1975, *Perkins*, J., denied Edward's motion to dismiss. Thereafter, Edward withdrew from the action. On November 25, Judge Perkins granted Ann a divorce in the uncontested proceeding but he made no division of property and awarded no support. The final sentence of his order read, "This decree shall not become final, if at all, until the decision of the Supreme Court [of New Hampshire] is made on the matter of jurisdiction." On March 16, 1976, the Maryland Circuit Court granted Edward a divorce and divided all the property. The court stated that it did not need to consider the New Hampshire order because, by Judge Perkins' own terms, it was not final. One month later, Edward filed with this court a motion to dismiss the New Hampshire divorce on the ground that the Maryland decision rendered it moot.

Ann Braun argues that the November 1975 New Hampshire decree was final for the purposes of res judicata or, alternatively, if it was not final in November, our affirmance will relate back and make the order final as of the date of entry. In any event, the Maryland decree, she argues, is not entitled to full faith and credit in this State because it was not effective first in time.

A decision based upon the full faith and credit clause is un-

necessary in this case because we recognize the Maryland decree as a matter of comity. "The full faith and credit clause does not limit the extent to which state courts may recognize the finality of either sister state or foreign judgments. It sets only a minimum requirement of recognition, beyond which the states are free to go so long as they violate no other constitutional guaranties." R. Leflar, Conflict of Laws 1, 25 *in* 1974/75 Annual Survey of American Law (1976). The Maryland court had jurisdiction over the parties, the subject matter and all of the property involved. Ann's pending suit in New Hampshire did not deprive the Maryland court of jurisdiction over Edward's suit. *Drake v. Drake,* 76 N.H. 32, 78 A. 1071 (1911); *Sworoski v. Sworoski,* 75 N.H. 1, 70 A. 119 (1908).

Ann Braun, as defendant in the Maryland proceeding, chose to litigate there the merits of the case notwithstanding the pendency of her own action in New Hampshire. The Maryland court, after granting Edward a divorce, divided the property equally. Its refusal to accord finality to the New Hampshire decree was not objectionable especially in view of the superior court's explicit statement that its divorce decree was not final. We note that this caveat in the decree appeared at the suggestion of counsel for Ann Braun. The husband's counsel thought it was unnecessary. She cannot now avoid the impact that the caveat had upon the outcome of the Maryland proceedings.

The parties will be divorced no matter which decree is given effect. If the Maryland decree is not recognized here, Ann Braun might benefit from a more favorable property settlement. However, because the New Hampshire court did not divide the property, nonrecognition of the Maryland decree would make a second settlement necessary. The Maryland decision is a final decision on the merits. In the interest of avoiding unnecessary confusion and litigation, we hold that the Maryland decree is valid and will be recognized in this State.

*Remanded.*

GRIMES and BOIS, JJ., did not sit; the others concurred.