Hillsborough
No. 89-381

RAYMOND A. STANKUNAS

v.

BARBARA A. STANKUNAS

October 19, 1990

*Raymond A. Stankunas*, by brief, *pro se.*

*Barbara A. Stankunas*, by brief, *pro se.*

THAYER, J.   The plaintiff, Raymond A. Stankunas, appeals the dismissal by the Superior Court (*Pappagianis*, J.), approving the recommendation of the Master (*Peter J. Bourque*, Esq.), of his libel for divorce on the ground of *forum non conveniens*. The sole issue before us is whether the trial court erred in dismissing the plaintiff's suit on the ground that New Hampshire was no longer a convenient forum. For the reasons that follow, we hold that the trial court did not err, and therefore affirm its dismissal of the plaintiff's case.

The record discloses that the plaintiff and the defendant, Barbara A. Stankunas, were married in Massachusetts in 1985. In December of that year, their daughter Megan was born. The parties and Megan moved to New Hampshire in October, 1986, where they resided together until July, 1987. At that time, the defendant left the marital home and moved to Massachusetts, where she has resided ever since.

The plaintiff filed a libel for divorce in the superior court in New Hampshire in November of 1987, in which he requested, *inter alia,* that he be awarded temporary care and custody of the parties' minor child. In December of 1987, the defendant filed a petition for child custody in the same court, in which she alleged that New Hampshire had jurisdiction pursuant to RSA 458-A:3, I(b) and (d). The defendant subsequently withdrew her petition, but it is unclear from the record when this occurred.

On January 25, 1988, a hearing concerning temporary relief was held in the Superior Court (*Dalianis*, J.), and a decree was issued that same day. The defendant was awarded temporary physical custody of Megan, the plaintiff was ordered to pay child support in the amount of $70 per week, and the plaintiff was granted visitation rights.

On August 1, 1988, the defendant filed for divorce in Massachusetts, and on September 16, 1988, the Plymouth Probate Court (*Lawton*, J.) issued a temporary order granting physical custody of Megan to the defendant and ordering the plaintiff to pay $100 to the

defendant each week as child support. Then, on April 21, 1989, the probate court granted the defendant a judgment of divorce. Mr. Stankunas participated in the Massachusetts proceedings and entered into a stipulation with Mrs. Stankunas which was approved by the probate court and was incorporated into its decree. As part of the stipulation, the parties agreed that they would share legal custody of Megan, that physical custody would remain with Mrs. Stankunas, and that Mr. Stankunas would have liberal visitation rights. They also agreed that the case pending in New Hampshire would be dismissed.

On the same day that the Massachusetts court issued its judgment, the plaintiff herein moved in New Hampshire for an immediate change of custody. A hearing was held on June 21, 1989, at which time the Marital Master (*Peter J. Bourque,* Esq.) was informed of the Massachusetts decree awarding Mrs. Stankunas a divorce judgment. As a result of the Massachusetts decree and the parties' agreement that the New Hampshire case would be dismissed, the master recommended and the superior court approved an order stating:

> "The plaintiff's motion is denied without hearing and his libel for divorce is dismissed. In view of the Massachusetts order it is found that this Court is no longer a convenient or an appropriate forum to litigate an issue which has already been decided by another jurisdiction."

The plaintiff filed a motion for reconsideration, which was denied, and this appeal followed.

The plaintiff also moved in Massachusetts for the probate court to vacate its decree on the ground that it did not have jurisdiction to make a custody determination, and the motion was apparently denied. The plaintiff then filed a motion in that court to stay the Massachusetts divorce judgment, which was denied on August 3, 1989.

We note initially that the sole question before us is whether or not the trial court erred in dismissing the plaintiff's divorce action because New Hampshire was no longer a convenient forum; we do not address the issue whether the Massachusetts court had jurisdiction to make a child custody determination as part of its divorce decree, which was briefed by the plaintiff. While there is a Massachusetts statute indicating that the Commonwealth "shall not exercise jurisdiction in any custody proceeding commenced during the pendency of a proceeding in a court of another state," M.G.L.A. c. 209B, § 2(d), we do not consider whether or not Massachusetts improperly exer-

cised jurisdiction over the custody of Megan, as that issue was not accepted for consideration by this court. *See* SUP. CT. R. 12-B.

■■ The dismissal of a case due to *forum non conveniens* is generally within the discretion of the trial court. *Digital Equipment Corp. v. Int'l Digital Systems Corp.*, 130 N.H. 362, 364, 540 A.2d 1230, 1232 (1988); *Van Dam v. Smit.*, 101 N.H. 508, 510, 148 A.2d 289, 291 (1959). Among the factors that a court should consider in deciding whether or not to apply the doctrine to a particular case are (a) whether an alternative forum is available to the plaintiff, and (b) whether "weighty reasons" exist to disturb the plaintiff's choice of forum, since it is the plaintiff who chooses where to file suit. *Van Dam v. Smit.*, 101 N.H. at 509, 148 A.2d at 291.

■ In the instant case, although the record contains no findings of fact, it appears from the parties' briefs and memoranda of law to the trial courts that both Massachusetts and New Hampshire could properly have exercised jurisdiction over the parties' divorce. *See* M.G.L.A. c. 208, § 5 (Commonwealth has jurisdiction to grant divorce if plaintiff has lived in Massachusetts for one year last preceding commencement of action); RSA 458:5 (New Hampshire can exercise jurisdiction over parties where plaintiff was domiciled in State for one year immediately preceding filing of action); RSA 458:6 (New Hampshire has jurisdiction over divorce if cause thereof wholly arose or occurred while plaintiff was domiciled in State). While the plaintiff could have filed suit only in New Hampshire, and the defendant could have filed suit only in Massachusetts, it appears that a court of either State would have jurisdiction over the parties' divorce.

Although the plaintiff apparently had only one forum available where he could have filed his action, it is important to note that the plaintiff actively participated in the Massachusetts divorce action brought by Mrs. Stankunas. While the defendant alleges that the plaintiff was represented by counsel throughout the Massachusetts case, this is not evident from the record. What is clear, however, is that the plaintiff entered into a stipulation with the defendant that was incorporated into the Massachusetts court's decree. As we discussed above, the plaintiff agreed that Mrs. Stankunas would have physical custody of Megan and that his New Hampshire divorce action would be dismissed.

In the past, we have accorded full faith and credit to divorce decrees entered by foreign courts. *See Owen v. Stewart*, 111 N.H. 350, 352, 283 A.2d 492, 494 (1971) (this court must grant Vermont divorce

decree full faith and credit). Similarly, we have recognized foreign divorce decrees as a matter of comity. In *Braun v. Braun*, 116 N.H. 714, 366 A.2d 484 (1976), Mrs. Braun filed a libel for divorce in New Hampshire. *Id.* at 715, 366 A.2d at 485. Mr. Braun then began his own divorce proceedings in Maryland. *Id.* At the trial in Maryland, Mrs. Braun appeared and contested the court's jurisdiction because of the divorce suit pending in New Hampshire. *Id.* However, after the court rejected her argument, Mrs. Braun defended the case on its merits. *Id.* The court in Maryland then granted Mr. Braun a divorce and divided all of the marital property. *Id.* Subsequently, Mr. Braun filed a motion to dismiss the divorce action pending in New Hampshire on the ground that the Maryland decree rendered it moot. *Id.* In holding that the Maryland decree was valid in New Hampshire, we explained that Mrs. Braun's suit that was pending in this State did not deprive the Maryland court of jurisdiction over Mr. Braun's case, and that we would recognize the foreign divorce as a matter of comity. *Id.* at 715–16, 366 A.2d at 485.

■■ The case at issue is very similar to *Braun* in that a libel for divorce was filed in New Hampshire by Mr. Stankunas, but prior to a final decree's being entered by a court of this State, a Massachusetts court granted Mrs. Stankunas a judgment of divorce. Assuming, without deciding, that Massachusetts could properly have exercised jurisdiction, we, like the *Braun* court, recognize the Massachusetts divorce as a matter of comity. While the plaintiff apparently had only one forum in which to file his case, his active participation in the Massachusetts proceedings constitutes sufficiently "weighty reason" to justify the trial court's dismissal of his case. We therefore hold that the trial court did not err in dismissing the plaintiff's libel due to *forum non conveniens*.

*Affirmed.*

HORTON, J., did not sit; the others concurred.